Gene E. WALKER,
Petitioner-Appellant,

v.

W. J. ESTELLE, Director Texas
Department of Corrections,
Defendant-Appellee.

No. 75-2854
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 2, 1976.

*Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409. Part I.

Gene E. Walker, pro se.

John L. Hill, Atty. Gen., Ben M. Harrison, Asst. Atty. Gen., Austin, Tex., for defendant-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

Walker appeals the denial of habeas relief by the district court on its own motion for failure to state a claim upon which relief could be granted. Read most liberally in his favor, Walker, in his original petition, alleged six constitutional violations: (1) Hearsay testimony (given by the witness Baker before the grand jury) was used to impeach Baker, a nonaccomplice, when he appeared as a witness and to provide corroboration of the testimony of the two accomplices, Pearson and McKinney, as required by Texas law; (2) witness Baker was drugged and, therefore, incompetent when he testified before the grand jury; (3) the indictment against Walker was faulty in that the court reporter for the grand jury remained in the grand jury room during the grand jury's deliberations; (4) a written statement was used to impeach accomplice witness Pearson, which statement was later held inadmissible at Pearson's trial because *Miranda* warnings had not been given; (5) accomplice witness McKinney, who testified against Walker, stated during cross-examination that he was not testifying in return for a promise by the State not to prosecute him, when, in fact, such a promise existed; (6) McKinney also testified on cross-examination that he had not made any statements to the police regarding the offense for which Walker was on trial; in fact, he had freely and voluntarily confessed to having committed it.

Issues (1) and (2) dealing with the testimony of Baker were both presented to the Court of Criminal Appeals of Tex-

as on direct appeal. *Walker v. State*, 473 S.W.2d 499 (1971). The court determined that the grand jury testimony was not used to impeach Baker but to refresh his memory. It also held that Baker's possible drug-induced testimony would only affect the weight to be given the testimony by the trier of facts. In light of the state court's treatment of these issues and Walker's inability to present any new facts to shed light on their constitutional significance, we affirm the district court's dismissal of these issues for failure to state a cause of action upon which relief could be granted.

Issues (3) and (4) do not assert constitutional defects. There is no federal constitutional right to sequestered grand jury proceedings. The allegation that a court reporter may have been present during grand jury deliberations, especially absent any allegation of undue influence, does not rise to constitutional proportions. Pearson's *Miranda* tainted confession was used to impeach him during Walker's trial. *Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975) would have allowed the use of this statement to impeach Pearson during Pearson's own trial; clearly it authorized the impeachment use of the statement during Walker's trial.

Issues (5) and (6) deserve more careful treatment. We cannot determine, given the record on appeal, whether Walker has exhausted his state remedies as to these claims. Neither of these issues were presented on direct appeal. This court is unable to say Walker's allegations that McKinney lied concerning previous statements made and promises received for his testimony and, implicitly, that the prosecution's knowledge of and acquiescence in these lies, fail to state any cause of action upon which relief can be granted. Walker claims that he filed a state habeas petition with the Texas courts which was denied July 17, 1974. We cannot tell what issues that petition raised since it does not appear in

the record on appeal.[1] Thus, the record before this court does not show that Walker has presented these issues to any state forum. We, therefore, remand these two issues for a determination of whether Walker has exhausted his available state remedies and, if he has, for appropriate resolution.

Affirmed in part and remanded with directions.

1. The record includes a petition for habeas corpus denied by the 147th Judicial District Court of Travis County on June 12, 1974. The petition raises the issues raised on direct appeal and also claims that Pearson's *Miranda* tainted confession was improperly used to impeach him. The court dismissed the petition because it was "not properly sworn to," without reaching the merits.