**Gene Edward WALKER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44199.**

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

**500**

Don Raven, Austin, for appellant.

Robert O. Smith, Dist. Atty., Lawrence Wells and Phoebe Lester, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

The conviction is for robbery by assault with punishment assessed at twenty years.

Appellant contends that the testimony of witness Dixon, in this cause, amounts to twice putting appellant in jeopardy of life and liberty.

Dixon testified in another robbery trial in which appellant was the defendant growing out of a transaction that occurred after the offense alleged in the instant case, but tried before this case. Appellant's motion alleged the facts and allegations contained in this indictment were brought forth by the State against the appellant, in Cause No. 40,644 (in the same court). Although the indictment in Cause No. 40,644 is not before us, there appears to be no dispute from the statements of counsel and the court that it charged the appellant with robbery of one Gordon Glenn Johnson on the 4th of October, 1969. In the instant case, the indictment charges appellant with robbery of one Jesse Dixon on or about the 27th of September, 1969.

If evidence of more than one offense is admitted and a conviction for either could be had under the indictment, and neither the State nor the court elects, a plea of former conviction is good upon a prosecution based upon one of said offenses, it being uncertain for which one the conviction was had. Branch's Ann.P.C., 2d ed., Sec. 651, and cases cited therein.

Appellant does not contend nor is there any proof that the former conviction grew out of the same transaction. The only reference to the indictment in the former case negates the theory that the indictments are identical. The same trial judge tried both cases and on passing upon appellant's plea of jeopardy noted that he allowed testimony of the instant transaction to be introduced, in Cause 40,644, for the limited purpose of proving identification.

Appellant cites no cases in support of his position. We do not believe his contention is grounded upon authority. A conviction for the instant transaction could not have been had under the indictment in Cause No. 40,644. We overrule appellant's first contention.

Appellant contends the evidence was insufficient to support the conviction. Dix-

on testified that appellant and two others entered U-Tot-Em Grocery store in Austin where he was the attendant; that one of the three men said, "Hey, come here", and as he approached the cash register where the three were standing, one of them hit him in the head with a pool cue and knocked him to the floor; that he was told to get up and open the cash register. After opening the register, witness Dixon testified he fell to the floor and about a minute later, when he got up, all the money was gone; that he had full care, custody, and control of the money and that he had not given àppellant or anyone permission to take the approximately $250.00 that was missing. He further testified that he was put in fear of his life and bodily injury and that the injury he received required him to be hospitalized for ten days. Dixon positively identified appellant as one of the persons committing the offense charged.

The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the court.