**Ex parte Walter Alvin GOODBREAD, Sr.**

**No. 1466–95.**

Court of Criminal Appeals of Texas, En banc.

March 25, 1998.

Tom Moran, Houston, for appellant.

Keli Pool Roper, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge, delivered the opinion of the Court, in which McCORMICK, Presiding Judge, PRICE, HOLLAND and WOMACK, Judges, joined.

The case at bar presents a double jeopardy issue. The State filed an initial indictment that alleged that appellant committed certain acts of unlawful sexual conduct "on or about" June 1, 1991. Under our precedent, "on or about" means within the statute of limitations and before the return of the indictment. *See Sledge v. State,* 953 S.W.2d 253 (Tex.Crim. App.1997). At trial, the State offered the complainant's testimony concerning conduct occurring in June of 1991.[1] Later, the State offered outcry witness testimony for an outcry occurring in April of 1991—before the conduct to which the complainant had testified. The cause was subsequently dismissed on the State's motion. The State then obtained thirteen new indictments, with offense dates ranging from June 10, 1990 to April 1, 1994. Some of the new indictments describe offenses supported by language in the initial indictment, i.e. the same statutory offense, the same type of conduct, and dates within the statute of limitations. The question is whether prosecution upon the initial indictment creates a double jeopardy bar to prosecution upon the subsequent indictments merely because the subsequent indictments would *support* convictions for offenses that would also have been *supported* under the language of the initial indictment. We answer that question "no."

For Double Jeopardy purposes, "[t]he same offense means the identical criminal act, not the same offense by name." *Luna v. State,* 493 S.W.2d 854 (Tex.Crim.App.1973). In *Luna,* we held that, when one cannot determine from the State's pleadings whether the offenses prosecuted are the same, the court must look to the proof offered at trial. *Id.* at 855. *Luna* involved prosecutions for sale of heroin. *Id.* The defendant in that case made two separate sales of heroin three months apart to the same individual. *Id.* He was tried for one of the sales and convicted. The State later prosecuted him for the other sale, and the defendant attempted to plead the prior conviction as a jeopardy bar to the second prosecution. *Id.* We rejected that contention despite the fact that the second offense could have been prosecuted under the first indictment:

> The fact that the indictment in the first case would support a conviction for the sale of heroin in the present case, because both were within the statute of limitations of three years, does not prevent the prosecution in the instant case. The controlling factor is the proof that they were different offenses. *Id.*

While *Luna* contemplated a single offense per indictment, we have also recognized the State's ability to place a defendant in jeopardy for multiple offenses by failing to elect after presenting proof of multiple instances of conduct that conform to the indictment:

> If evidence of more than one offense is admitted and a conviction for either could be had under the indictment, and neither the State nor the court elects, a plea of former conviction is good upon a prosecution based upon one of said offenses, it being uncertain for which one the conviction was had.

*Walker v. State,* 473 S.W.2d 499, 500 (Tex. Crim.App.1971). But, as *Walker* provides,

---

1. This was actually the second trial on the initial indictment. The first trial ended in a mistrial on appellant's motion and is, therefore, of no moment in our consideration of appellant's double jeopardy claim. *See Oregon v. Kennedy,* 456 U.S. 667, 676, 102 S.Ct. 2083, 2089–90, 72 L.Ed.2d 416 (1982)(a defendant's motion for mistrial constitutes a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact).

Double Jeopardy bars only offenses for which proof was offered at trial.

█ Hence, under *Luna* and *Walker*, trial upon an indictment does not bar every offense that could be prosecuted under its language; instead, trial upon the indictment bars prosecution only for offenses for which proof was offered at trial. And even for the latter category, the State or the trial court can exclude an instance of conduct from the jeopardy bar through an election.[2]

█ When an indictment permits the State to obtain only one conviction, a defendant is not placed in jeopardy for more than one criminal act unless the State offers multiple instances of conduct in support of the indictment. Every instance of sexual assault is a separate crime and may be prosecuted in separate trials. *Vernon v. State,* 841 S.W.2d 407, 410 (Tex.Crim.App.1992). Hence, in this case the Double Jeopardy bar applies only to the two instances of conduct offered by the State at trial: the conduct brought out in the complainant's testimony and the conduct brought out in the testimony of the outcry witness.[3] There is no evidence in the record that the State will rely upon either of those instances of conduct in its prosecution upon the new indictments. *See U.S. v. Register,* 931 F.2d 308, 312 (5th Cir.1991)(burden is on the defendant to establish the commonality of the offenses).

The judgment of the Court of Appeals is affirmed.

OVERSTREET, J., dissents.

MANSFIELD, J., concurs in the result.

MEYERS, Judge, concurring.

The prevailing legal principle to be remembered in this context is that the Double Jeopardy Clause does not prohibit

... successive prosecutions or multiple punishments for repeated discrete violations of the same penal statute. Rather it prohibits successive prosecutions or multiple punishments for conduct which necessarily violates a penal statute only once or, presumably, for conduct which necessarily violates more than one penal statute at a time.

*State v. Houth,* 845 S.W.2d 853, 870–71 (Tex.Crim.App.1992)(Benevides, J., concurring).[1] This case involves "successive prosecutions ... for repeated discreet violations of the same penal statute." The problem is, how can we ascertain that the separately alleged offenses are distinct from one another, given that the face of the subsequent indictments would support the same convictions that would also have been supported under the initial indictment. *See Ex parte Coleman,* 940 S.W.2d 96 (Tex.Crim.App. 1996).

The majority says we do so by looking to the proof offered at trial:

... trial upon an indictment does not bar every offense that could be prosecuted under its language; instead, trial upon the indictment bars prosecution only for offenses for which proof was offered at trial. And even for the latter category, the State or the trial court can exclude an instance of conduct from the jeopardy bar through an election.

*Majority opinion* at 860–61. But if we have to look to the proof at trial to determine what is jeopardy barred, then to what has jeopardy "attached" before proof is offered? After all, we know jeopardy attaches in a jury trial the moment the jury is empaneled and sworn. *E.g., Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *Ortiz v. State,* 933 S.W.2d 102 (Tex.Crim.App.1996). Is the majority suggesting jeopardy does not

---

2. An "election" would generally be some action that excludes or limits the jury's consideration of an offense: for example, by instructing the jury to disregard the evidence or by limiting the purpose for which the evidence is offered.

3. The State contends that only the offense in the complainant's testimony is barred. But the offense in the outcry testimony is also barred be-

cause the State failed to elect before obtaining a dismissal of the prosecution.

1. For this reason, Judge Baird's analysis fails. Under his view of things, jeopardy would ultimately bar prosecution for a defendant's repeated but like offenses against the same victim, all occurring during the same statutory period. This is surely wrong.

attach until proof is offered? Certainly not, but we are not enlightened in this regard.

In my view, jeopardy most likely attaches to the indictment and all that can be known for certain from its face at the point at which the jury is empaneled and sworn. For instance, jeopardy attaches to the elements and factual matters pled in the indictment, but not to any specific date, since the State is not bound to prove the date alleged. *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim.App.1997). As trial proceeds, jeopardy attaches more specifically to those offenses that otherwise fit the indictment and for which proof is offered.[2] Jeopardy may be further narrowed (or un-attached) by the State's election of a particular offense on which it will rely for conviction.[3]

While I believe this explanation to be reasonable and logical, I fear I may be overlooking a tidier resolution of this problem.[4] If there is one, however, the majority does not point to it.

Otherwise agreeing jeopardy attached in the instant case to the two instances of conduct offered by the State at the previous trial, and in the absence of evidence that those instances will be prosecuted under the

new indictments, I concur in affirming the judgment of the Court of Appeals.[5]

BAIRD, Judge, concurring and dissenting.

In this case, applicant seeks to have 13 indictments, all of which charge him with the offense of aggravated sexual assault, dismissed on jeopardy grounds. While I agree the alleged sexual assaults by digital penetration are not jeopardy barred, I do believe the alleged sexual assaults by intercourse or oral sex are jeopardy barred. Therefore, I concur in part and dissent in part to the judgment of the Court.

## I. The Facts

On January 27, 1995, appellant was indicted in a two-paragraph indictment for the offense of aggravated sexual assault in Cause No. 685297. The first paragraph alleged an unlawful act of sexual intercourse "on or about June 1, 1991." The second paragraph alleged an unlawful act of oral sex "on or about June 1, 1991."[1]

Cause No. 685297 was then called for trial. The complainant testified that sometime in June of 1991, appellant committed the acts alleged in each paragraph of the indictment. However, the cause was dismissed on the

2. It might be more precisely stated that jeopardy had already attached in a broad sense, but the specific incident to which it attached becomes more clear upon proof at trial.

3. In other words, jeopardy "un-attaches" to those offenses which would otherwise fall within the terms of the indictment, but are designated as extraneous. It remains attached to the offense the State "elects" as the one upon which it will seek a conviction. The notion that jeopardy may attach and un-attach is not novel. The "un-attaching" of jeopardy should, however, remain largely within the control of the defendant except in extraordinary circumstances. *Cf Brown v. State*, 907 S.W.2d 835 (Tex.Crim.App.1995)(jeopardy does not bar retrial when defendant essentially waives it by requesting mistrial or when there is manifest necessity). For this reason, it would seem that election should be a *right* to be asserted *only* by the defendant. In other words, the State can be forced to elect, and thus un-attach jeopardy, only upon objection (to evidence as extraneous) and/or request (for election) by the defendant. *Cf Proctor v. State*, 841 S.W.2d 1 (Tex.Crim.App.1992)(criminal charge abandoned or dismissed on prosecution's motion after jeopardy attaches may not be retried); *Ex parte Preston*, 833 S.W.2d 515, 517 (Tex.Crim.App.1992)(if

State dismisses, waives, or abandons portion of indictment after jeopardy attaches, State is barred from later relitigating those allegations).

4. I have previously suggested that jeopardy may attach to anything conceivably, but not certainly, within the terms of the indictment, but I now conclude this view is overly broad. *See Proctor and Lemell*, at 3–4 (Meyers, J., concurring)(suggesting that indictment alleging "on or about" places defendant in jeopardy for any such alleged offense within applicable statutory period).

5. The Court of Appeals held the thirteen new indictments were not jeopardy barred "because they each refer to a separate occurrence and not to the occurrence made the subject of the dismissed trial." This conclusion is premature. It cannot be ascertained from the faces of the thirteen new indictments what specific occurrences are referred to. For this reason, appellant fails to prove a jeopardy bar. The majority does not mention the Court of Appeals' opinion, other than to say its judgment is "affirmed."

1. The indictment also contained a third paragraph which was identical to the second paragraph.

State's motion when an outcry witness testified the outcry occurred several months before the acts the complainant testified to.[2]

The Grand Jury then returned 13 "new" indictments against appellant alleging 13 acts of aggravated sexual assault, each alleging a date other than June 1, 1991, which was the date in the original indictment returned in Cause No. 685297. These indictments are as follows:

1. No. 688972 is a three-paragraph indictment alleging appellant committed the acts of oral sex, sexual intercourse, and digital penetration "on or about April 1, 1994".[3]

2. No. 688968 is a one-paragraph indictment alleging appellant committed the act of oral sex "on or about April 25, 1993".

3. No. 688967 is a three-paragraph indictment alleging appellant committed the acts of oral sex, sexual penetration, and digital penetration "on or about December 1, 1993".

4. No. 688966 is a three-paragraph indictment alleging appellant committed the acts of oral sex, sexual intercourse, and digital penetration "on or about December 1, 1992".

5. No. 688964 is a three-paragraph indictment which alleges the appellant committed the acts of oral sex, sexual intercourse, and digital penetration "on or about June 1, 1992".

6. No. 688963 is a three-paragraph indictment alleging appellant committed the acts of oral sex, sexual penetration, and digital penetration "on or about December 1, 1991".

7. No. 688959 is a one-paragraph indictment alleging appellant committed the act of oral sex "on or about April 25, 1991".

8. No. 688957 is a two-paragraph indictment alleging appellant committed the acts of oral sex and digital penetration "on or about June 1, 1990".

9. No. 688956 is a one-paragraph indictment alleging appellant committed the act of oral sex "on or about September 1, 1990".

10. No. 688955 is a one-paragraph indictment alleging appellant committed the act of oral sex "on or about July 15, 1990".

11. No. 689227 is a three-paragraph indictment alleging appellant committed the acts of sexual intercourse, oral sex, and digital penetration "on or about July 5, 1991".

12. No. 689226 is a three paragraph indictment alleging appellant committed the acts of sexual intercourse, oral sex, and digital penetration "on or about July 1, 1991".

13. No. 689225 is a three-paragraph indictment alleging appellant committed the acts of sexual intercourse, oral sex, and digital penetration "on or about June 10, 1990".

Appellant then filed a pretrial application for a writ of habeas corpus contending the "new" prosecutions were jeopardy barred. The trial judge denied habeas relief and the Court of Appeals affirmed. *Goodbread v. State,* 912 S.W.2d 336 (Tex.App.—Houston [14th Dist.] 1995). They reasoned that since the State only presented evidence of one criminal episode at the second trial, only that episode was jeopardy barred by the dismissal of Cause No. 685297. Therefore, the 13 "new" indictments were not jeopardy barred "because they each refer to a separate occurrence and not to the occurrence made the subject of the dismissed trial[.]" *Id.,* at 339–340. Appellant's petition for discretionary

---

**2.** This was actually the second trial on Cause No. 685297. At the first trial, the complainant testified that on an unspecified date in June of 1991, the events alleged in the second paragraph of the indictment (oral sex) occurred. She did not, however, testify to the events alleged in the first paragraph (sexual intercourse). This trial ended in a mistrial on appellant's motion. Therefore, this first trial is of no moment in our consideration of appellant's double jeopardy claim. *See,*

*Oregon v. Kennedy,* 456 U.S. 667, 676, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982) (a defendant's motion for mistrial constitutes a deliberate election on his part to forego his valued right to have his guilty or innocence determined before the first trier of fact).

**3.** Digital penetration is the penetration of the female sexual organ with a finger.

review was granted to review the correctness of that decision.

## II. Indictments

The first question to be answered is: What is a defendant charged with when an indictment alleges that an offense was committed "on or about" a particular date?[4] Appellant contends that when an indictment alleges that an offense was committed "on or about" a certain date, a defendant is charged with any and all alleged offenses described in the indictment which are anterior to the presentment of that indictment and within the statutory period of limitations. I agree.

It is fundamental that an accused be tried for the offense with which he is charged and not for being a criminal generally. *Owens v. State*, 827 S.W.2d 911, 915 (Tex.Cr.App.1992). Because of this, "[a]n indictment may not charge more than one offense[,]" *Leal v. State*, 782 S.W.2d 844, 846 (Tex.Cr.App.1989), and the State must allege and prove a single, specific transaction. *O'Neal v. State*, 746 S.W.2d 769, 771 (Tex.Cr.App.1988). However, the rule in this State has long been that an indictment need not allege, nor does the State need to prove, that the offense was committed on a specific date. *See,* Tex.Code Crim. Proc. Ann. art. 21.02(6) (Vernon 1989). Rather, the date alleged or proved only has to be anterior to the presentment of the indictment and within the period of limitations. *See, Lemell v. State*, 915 S.W.2d 486, 489 (Tex.Cr.App.1995) ("the State need not prove the date alleged in the pleading *so long as* the proof at trial shows that the offense occurred within the applicable limitations period.") (emphasis in original); *Scoggan v. State*, 799 S.W.2d 679, 680, n. 3 (Tex.Cr.App. 1990) ("[t]he State is not bound by the date alleged in the indictment and may prove that an offense was committed before, on, or after [the] date alleged, so long as the date proved is a date anterior to the presentment of the indictment and the crime's occurrence is not so remote as to be barred by limitation"); *Hill v. State*, 544 S.W.2d 411, 413 (Tex.Cr. App.1976) ("[t]he State is not bound by the date on or about which the offense is alleged to have been committed and a conviction may be had upon proof that the offense was committed at any time prior to the return of the indictment which is within the period of limitation."); *Ellis v. State*, 167 Tex.Crim. 87, 318 S.W.2d 655, 656 (1958) ("[t]he general rule is that the state is not bound by the allegation of 'on or about' in an indictment as to the date of the commission of the offense, but may rely upon any date within the period of limitation.").

Most recently, we reaffirmed this long-standing rule in *Sledge v. State*, 953 S.W.2d 253 (Tex.Cr.App.1997), where we held that when an indictment alleges that an offense was committed "on or about" a certain date, the State can rely upon an offense with a date other than the one specifically alleged. *Id.*, at pg. 256. Again, the only requirements are that the date is anterior to the presentment of the indictment, within the statutory limitation period, and that the offense relied upon otherwise meets the description of the offense contained in the indictment. *Id.*, at pp. 256–257.

Additionally, another recent decision of this Court also clearly answers this question. In *Rankin v. State*, 953 S.W.2d 740 (Tex.Cr. App.1996), the defendant was charged with possession of cocaine. At trial, the State introduced evidence that a rock of crack cocaine was found in the back seat of the police car in which Rankin was transported after being arrested. Both Rankin and his wife then testified that while Rankin had possessed crack cocaine earlier in the day, he did not possess any at the time he was in the police car. Following his conviction, Rankin appealed, arguing that the jury could not find him guilty of the possession to which he admitted because it was an extraneous offense. *Id.*, at pg. 741. We disa-

---

4. This question encompasses appellant's first and second grounds for review:
   1. Whether an indictment must charge a specific act or omission which constitutes a criminal offense or whether it is sufficient if it simply alleges the elements of an offense in the abstract.

2. Whether a single indictment may serve as the charging instrument for trials involving two discrete allegations of statutory violations.

greed, holding that the possession to which Rankin admitted was not an extraneous offense because it was "shown in the charging papers." *Id.*, at pg. 741. Hence, *Rankin* was subject to being convicted of any act or omission which constituted the offense alleged "in the charging papers." Thus, an indictment will support a conviction for any act which falls within its general description of the alleged offense, regardless of the date "on or about" it was committed.

This case is controlled by *Sledge, Rankin* and the long line of cases which preceded them. Therefore, because the State is not bound by the "on or about" date in an indictment, an indictment covers any and all offenses described in the indictment which are alleged to have been committed before the return of the indictment and within the limitations period. The statutory period of limitations for the offense of aggravated sexual assault is 10 years. *See,* Tex.Code Crim. Proc. Ann. art. 12.01(2)(D) *and* art. 12.03(d) (Vernon Supp.1997). Thus, when an indictment, such as the one in this case, alleges an "on or about" date for the commission of the offense of aggravated sexual assault, the statutory period of limitations encompasses the ten year period prior to the presentment of the indictment.

Appellant's indictment in Cause No. 685297 was presented on January 27, 1995; thus the period of limitations for the alleged offense encompassed the ten year period prior to January 27, 1995. Therefore, in Cause No. 685297 appellant was charged with any and all of the offenses of aggravated sexual assault described in the indictment which occurred any time within that 10 year period.

### III.   Double Jeopardy

The second question is: What is a defendant is placed in jeopardy of when an indictment alleges that an offense was committed "on or about" a certain date?[5] Appellant contends that because an indictment charges a defendant with any and all of the alleged

offenses which occurred prior to the presentment of the indictment but within the limitations period, the defendant is therefore placed in jeopardy for any and all alleged offenses committed within that time period. I agree.

Both the United States and the Texas Constitutions protect an accused from a second prosecution for the same offense after acquittal or conviction. *See,* U.S. Const. amend. V; Tex. Const. art. I, § 14; *North Carolina v. Pearce,* 395 U.S. 711, 717–19, 89 S.Ct. 2072, 2077 (1969); *Ex parte Preston,* 833 S.W.2d 515 (Tex.Cr.App.1992). These protections are designed to prohibit the State, with all its power and resources, from repeatedly attempting to convict an individual for an offense. *Proctor v. State,* 841 S.W.2d 1, 3 (Tex.Cr.App.1992). This is so because we do not wish the State to have the power to harass citizens, nor do we wish the State to gain any advantage from repeated attempts at prosecution. *Id.* Because of this, it has long been recognized in this State that any criminal charge dismissed by the State after jeopardy attaches may not be retried. *Sanchez v. State,* 845 S.W.2d 273, 276 (Tex. Cr.App.1992). *See also, Proctor v. State, supra; Ex parte Preston,* 833 S.W.2d at 517; *Garza v. State,* 658 S.W.2d 152, 154–155 (Tex. Cr.App.1982); *McElwee v. State,* 589 S.W.2d 455, 460 (Tex.Cr.App.1979); *Ex parte Scelles,* 511 S.W.2d 300, 301 (Tex.Cr.App.1974).

In this case the indictment in Cause No. 685297 alleged an unlawful act of sexual intercourse and an unlawful act of oral sex "on or about June 1, 1991." Under the previous discussion, therefore, the indictment charged appellant with any and all of the alleged offenses described in the indictment which occurred any time between January 25, 1995 (the date the indictment was returned) and January 25, 1985 (10 years from the date the indictment was returned). Therefore, when the State attempted to convict appellant for the offense of aggravated sexual assault, appellant was placed in jeopardy for any offense of aggravated sexual assault committed

---

**5.** This question encompasses appellant's third ground for review:

> Whether, when the trial court allows the State to place a defendant in jeopardy for *any* offense that can be charged by an indictment,

that defendant is placed in jeopardy for *all* offenses that could be charged by the indictment.

(Emphasis in original.)

by either sexual intercourse or oral sex which occurred within that time period. Thus, I would hold the State is barred from further re-litigating the issue of whether appellant committed an unlawful act of sexual intercourse or an unlawful act of oral sex with the complainant in the period between January 27, 1985, and January 27, 1995.

### IV. "New" Offenses

However, this does not end the inquiry. As noted in part I of this opinion, nine of the thirteen "new" indictments allege appellant committed the offense of aggravated sexual assault by digital penetration. These acts of digital penetration were not alleged in the original indictment in Cause No. 685297. Therefore, it must be determined whether the State will be permitted to prosecute appellant for the alleged offenses of digital penetration.

The first step in this analysis is to decide whether appellant should be prosecuted for the "same offense" if the State is allowed to proceed with the prosecution of appellant for the alleged acts of aggravated sexual assault by digital penetration. *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 2855–2856, 125 L.Ed.2d 556 (1993). The inquiry begins with the elements contained in the charging instruments, rather than the penal provisions. *State v. Perez*, 947 S.W.2d 268, 270–271 (Tex.Cr.App.1997). Examination of the indictment in Cause No. 685297 and the nine "new" indictments which charge appellant with the offense of aggravated sexual assault by digital penetration reveal appellant has not been charged with the "same offense." [6]

The indictment in Cause No. 685297 alleged appellant penetrated the female sexual organ of the complainant with his own sexual organ (sexual intercourse) and appellant caused the female sexual organ of the complainant to contact the appellant's mouth (oral sex). However, the nine "new" allegations of digital penetration require the State to prove that appellant penetrated the female sexual organ of the complainant with appellant's finger (digital penetration). Therefore, the offenses of aggravated sexual assault by digital penetration require proof of an additional fact which is not required to prove either sexual intercourse or oral sex. Hence, those portions of the nine "new" indictments which allege appellant committed aggravated sexual assault by digital penetration are not jeopardy barred. *See, Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

### V. Conclusion

For these reasons, I concur in that portion of this Court's judgment which affirms the judgment of the Court of Appeals which held the alleged offenses of sexual assault by digital penetration were not jeopardy barred but I dissent to that portion of this Court's judgment which affirms the judgment of the Court of Appeals which held the alleged offenses of sexual assault by sexual intercourse and oral sex are not jeopardy barred.

---

**6.** These indictments are Nos. 688972, 688967, 688966, 688964, 688963, 689227, 689226 and 689225.