Ex parte Jeffrey Lance STORM.

No. 2–00–097–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 7, 2000.

Holly Crampton, Law Office of Holly Crampton, Wichita Falls, for Appellant.

Bruce Isaacks, Crim. Dist. Atty., Pamela Moore Lakatos, Theo Peugh, Darren Ralstin, Asst. Dist. Attys., Denton, for Appellee.

Before DAY, LIVINGSTON, and GARDNER, JJ.

## OPINION

GARDNER, Justice.

### I. INTRODUCTION

The trial court denied Appellant's pretrial application for a writ of habeas corpus, in which he alleged that the State was barred by double jeopardy from prosecuting him for possession of diazepam, a controlled substance, because evidence regarding Appellant's possession of diazepam was admitted at his previous trial for possession of amphetamine. We affirm.

### II. FACTUAL BACKGROUND

On April 27, 1999, Appellant was tried and convicted for the felony offense of

possession of amphetamine, a controlled substance. The indictment solely charged Appellant with illegally possessing amphetamine on August 9, 1998. Evidence at that trial showed that, pursuant to a traffic stop, a plastic baggie was seized, which contained 16.5 diazepam pills and a brownish, rock-like substance later determined to be amphetamine. The State introduced evidence showing that, at the same time Appellant possessed the amphetamine, he also possessed diazepam.

On October 20, 1999, Appellant was charged by information and complaint with the misdemeanor offense of possession of diazepam. Appellant filed a pretrial application for writ of habeas corpus, in which he alleged the State was barred by federal and state constitutional principles of double jeopardy from prosecuting him for possession of diazepam because evidence of his possession of the diazepam was admitted at his previous trial for possession of amphetamine without any reservation or limiting instruction. Following a hearing, the trial court denied Appellant's application.

### III. Discussion

■ We have jurisdiction to review the decision of the trial court in denying habeas corpus relief. Tex.R.App.P. 31.1; *Ex parte Dixon*, 964 S.W.2d 719, 722 (Tex. App.—Fort Worth 1998, pet. ref'd). We review the record as it existed before the trial court at the habeas hearing to determine whether the court erred in failing to grant relief. *Ex parte Dixon*, 964 S.W.2d at 722 (citing *Goss v. State*, 944 S.W.2d 748, 750 (Tex.App.—Corpus Christi 1997, no pet.)). In reviewing the decision of the habeas court, we review the findings in the light most favorable to the ruling and uphold the decision absent an abuse of discretion. *Id.* (citing *Ex parte Primrose*, 950 S.W.2d 775, 777–78 (Tex.App.—Fort Worth 1997, pet. ref'd)); *Ex parte May*, 852 S.W.2d 3, 5 (Tex.App.—Dallas 1993, pet. ref'd). The applicant bears the burden of proof at the habeas proceeding to show that retrial is jeopardy barred. *Id.* (citing *Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex.Crim.App.1993)).

■ It is well settled that prosecution of separate drug offenses that arise out of the same transaction is not barred. *Ex parte McWilliams*, 634 S.W.2d 815, 822 (Tex. Crim.App.1980), *cert. denied*, 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982); *Gonzales v. State*, 706 S.W.2d 764, 769 (Tex.App.—San Antonio 1986, pet. ref'd). Citing the Court of Criminal Appeals' opinion in *Ex parte Goodbread*, Appellant argues that his pending prosecution for possession of diazepam is jeopardy barred because evidence forming the basis of the diazepam prosecution was admitted without limitation in his previous prosecution for possession of amphetamine. 967 S.W.2d 859, 861 (Tex.Crim.App.1998). Appellant's reliance on *Goodbread*, however, is misplaced.

The issue in *Goodbread* turned on proof offered to support identical statutory offenses alleged in initial and subsequent indictments. *Id.* at 860. In *Goodbread*, evidence regarding two instances of sexual assault was offered at the first trial—either of which was sufficient to prove that an alleged sexual assault occurred "on or about" June 1, 1991. *Id.* After the initial case was dismissed, Goodbread was reindicted for an alleged sexual assault that occurred within the limitations period. *Id.* However, the subsequent indictment was based on different conduct than the initial indictment. *Id.* The Court of Criminal Appeals held that double jeopardy did not bar subsequent prosecution for the same statutory offense based on the same type of conduct, but only for either of the two specific instances of conduct proved at the first trial. *Id.* at 861. The *Goodbread*

court did not hold that where, as here, the State merely offered evidence of a bad act as same-transaction evidence in an initial trial it is later barred from prosecuting the criminal defendant for that bad act.

Here, Appellant has not been indicted twice for the same statutory offense. He was charged and convicted at his first trial with possession of amphetamine, and he is currently charged with possession of diazepam. Unlike the first indictment in *Goodbread*, there was nothing in the initial indictment or jury charge in this case authorizing or permitting a conviction for possessing diazepam. During closing arguments, Appellant's counsel argued to the jury that the possession of diazepam was merely collateral, stating "when it's a matter of possession of a controlled substance, it is not a matter that you pick and choose between amphetamine and the [diazepam.] The [Diazepam] is evidence relative to the entire transaction, but it's not what he's charged with." Furthermore, in the State's argument, the prosecutor stated that the evidence regarding the simultaneous possession of diazepam was only offered as proof of Appellant's knowledge regarding the drugs possessed.

Also, unlike the situation in *Goodbread*, Appellant could not have been convicted for possession of amphetamine solely on the evidence that he possessed diazepam. *Id.* at 861. Therefore, the holding in *Goodbread* is inapplicable. Double jeopardy does not bar prosecution in this case. We overrule Appellant's sole issue and affirm the trial court's denial of his habeas application.

## IV. Conclusion

Having overruled Appellant's issue, we affirm the trial court's judgment.