NUMBER 13-01-157-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI





 RODOLFO RUIZ , Appellant, 



v.



THE STATE OF TEXAS , Appellee.




On appeal from the 214th District Court

of Nueces County, Texas.




O P I N I O N

Before Justices Dorsey, Yañez, and Castillo

Opinion by Justice Dorsey



A jury convicted appellant, Rodolfo Ruiz, of two counts of aggravated assault. The court sentenced him to two concurrent
thirty-five year prison terms. The issues raised on appeal are whether the evidence is sufficient to support the convictions
and whether appellant received effective assistance of counsel. We affirm.

I. Facts

Antolin Garcia and a friend, Hilda Villarreal, went to a lounge. As Garcia was getting out of the car appellant hit him on
the head with a bottle, knocking him unconscious. While he was on the ground appellant kicked him several times in the
face and head. Villarreal went to the lounge for help, and appellant followed her. She told him to leave Garcia alone. He
asked her if she loved Garcia, and she said, "Yes." He replied, "I'm gonna kill him," returned to Garcia, and started kicking
him in the head a second time. Garcia spent two days in the hospital and had reconstructive surgery to repair his nasal
passage and face. 

Appellant claimed he acted in self defense and that Garcia provoked him by knocking off his glasses and grabbing his shirt. 
Appellant said that during the struggle he might have kicked Garcia in order to "get him off of me." Appellant's testimony
was impeached by nine felony drug convictions.

Appellant was indicted for two counts of aggravated assault. Count 1 alleged that appellant on or about June 1, 2000
caused bodily injury to Garcia by hitting him with a bottle in the head, and the bottle was a deadly weapon. Count 2
alleged that on or about June 1, 2000, appellant caused bodily injury to Garcia by kicking him in the head with his foot, and
the foot was a deadly weapon.


II. Ineffective Assistance of Counsel


By point one appellant asserts that counsel was ineffective for failing to object that the State had to elect which of the two
counts it was relying on for conviction. He argues that counsel allowed the State to convict him twice for two different
methods of committing the same offense-aggravated assault-and that double jeopardy principles barred conviction for both
offenses. We disagree and hold that appellant committed two separate and distinct offenses.

To prove ineffective assistance of counsel appellant must prove that (1) counsel's performance fell below an objective
standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense by a reasonable probability that,
but for counsel's errors, the proceeding would have had a different result. Strickland v. Washington, 466 U.S. 668, 687-88,
694 (1984). 

Double Jeopardy

The constitutional provision against double jeopardy protects a defendant against (1) a second prosecution for the same
offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the
same offense. Illinois v. Vitale, 447 U.S. 410, 415 (1980); Cervantes v. State, 815 S.W.2d 569, 572 (Tex. Crim. App.
1991). The protection against double jeopardy is inapplicable when separate and distinct offenses occur during the same
transaction. Spradling v. State, 773 S.W.2d 553, 556 (Tex. Crim. App. 1989).

The legislature defines whether offenses are the same, and it does so by prescribing the allowable unit of prosecution,
which is "a distinguishable discrete act that is a separate violation of the statute." Ex parte Hawkins, 6 S.W.3d 554, 556
(Tex. Crim. App. 1999). The allowable unit of prosecution for an assaultive offense is each victim. Id. at 560. An assault
is complete with the injury of a single individual. Phillips v. State, 787 S.W.2d 391, 395 (Tex. Crim. App. 1990).

In Ex parte Goodbread, 967 S.W.2d 859 (Tex. Crim. App. 1998) the court stated: "For Double Jeopardy purposes, '[t]he
same offense means the identical criminal act, not the same offense by name.'" Id. at 860 (citing Luna v. State, 493 S.W.2d
854 (Tex. Crim. App. 1973)).

Here although appellant assaulted one victim he committed two separate and distinct assaults. The first occurred when he
hit Garcia with the bottle and then kicked him in the head. Appellant broke off the assault, followed Villarreal to the
lounge, and asked her if she loved Garcia. When she answered affirmatively appellant told her that he was going to kill
him. He returned to the scene and initiated a separate assault on Garcia by kicking him in the head. Thus appellant
committed two distinguishable, discrete assaults against Garcia which amounted to separate violations of the same statute. 
Appellant, therefore, was not subjected to multiple punishments for the same offense. Rather, he was given two
punishments for two separate violations of one statutory offense. See Ex parte Goodbread, 967 S.W.2d at 860.

We hold that counsel was not deficient for failing to object. We overrule point one.

III. Due Process

By point two appellant asserts that the trial court denied him due process of law when it entered convictions and sentences
for two identical crimes charged in a single indictment. Because appellant was convicted of two separate and distinct
aggravated assault offenses we hold that the trial court did not deny him due process when it entered convictions and
sentences for both crimes. We overrule point two. 

IV. Sufficiency Of The Evidence

By point three appellant challenges the legal and factual sufficiency of the evidence to show that he hit Garcia with a bottle. 
By point four he challenges the legal and factual sufficiency of the evidence to prove he committed Count 1 and Count 2. 
He argues that there was no proof beyond a reasonable doubt that the "skirmish" was an "assault," rather than a fight in
which he was provoked into defending himself.

When reviewing the legal sufficiency of the evidence we apply the test set forth in Jackson v. Virginia, 443 U.S. 307,
319-20 (1979). When reviewing the factual sufficiency of the evidence we apply the test set out in Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996).

Villarreal's testimony was that appellant started the attack by hitting Garcia on the head with a bottle. Garcia did not see
appellant hit him with a bottle. Frank Longoria saw appellant lying on the ground while appellant kicked him. He said that
Garcia was not fighting back. Appellant testified that Garcia provoked him by grabbing his shirt and knocking off his
glasses. He said that he fought Garcia in self defense, and he denied hitting him with a bottle. An expert witness testified
that appellant's torn shirt was consistent with either a fight or an assault. Another expert testified that the physical evidence
was consistent with either a fight or an unprovoked attack.

Viewing the evidence in the light most favorable to the verdict we hold that a rational jury could reject the self-defense
claim and find beyond a reasonable doubt that appellant hit Garcia in the head with a bottle as alleged in Count 1 and that
he kicked him in the head with his foot as alleged in Count 2. We also hold that the evidence supporting the verdict is not
so against the great weight and preponderance of the evidence that it is manifestly wrong or unjust, nor does the verdict
shock our conscience. We overrule points three and four.

We AFFIRM the trial court's judgments. 

______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 31st day of January, 2002.