NUMBERS 13-00-043-CR,
13-00-044-CR,

                        13-00-045-CR, AND
13-00-046-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG


 

 

JERRY
WAYNE HIPPE,                                                          Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 

                          On appeal from the
278th District Court

                                   of Grimes
County, Texas

 

 

                                   O P I N I O N

 

                    Before Justices Dorsey,
Rodriguez, and Baird[1]

                                   Opinion
by Justice Baird

 

 








Appellant was charged
in four separate indictments with the offense of aggravated sexual
assault.  The cases were tried
jointly.  A jury convicted appellant of
each offense and assessed punishment for each conviction at forty years
confinement in the Texas Department of Criminal Justice--Institutional
Division, and a fine of $10,000. 
Appellant raises four points of error. 
We affirm.

I.  Jeopardy.

The first point of
error contends appellant has been subjected to multiple punishments in
violation to the Jeopardy Clause of the Fifth Amendment to the United States
Constitution.  That clause provides that
no person shall "be subject for the same offense to be twice put in
jeopardy of life or limb."  U.S. Const. amend. V.  This provision is applicable to the states via
the Due Process Clause of the Fourteenth Amendment.  Illinois v. Vitale, 447 U.S. 410, 415
(1980).  The double jeopardy clause
embodies three essential protections against: 
(1) a successive prosecution for the "same offense" after
acquittal; (2) a successive prosecution for the "same offense" after
conviction; and, (3) multiple punishments for the "same
offense."  Id.  When, as in the instant case, the defendant
is convicted of two or more crimes in a single trial, only the multiple
punishment clause is implicated.  Ex
parte Herron, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990). 








Appellant argues that
the four indictments before us allege the Asame offense,@ therefore, his four
separate sentences constitute multiple punishments.  We disagree. 
These indictments allege the offense of aggravated sexual assault on the
same complainant on four separate dates. 
The legislature defines whether offenses are the same by prescribing the
allowable unit of prosecution, which is "a distinguishable discrete act
that is a separate violation of the statute."  Ex parte Hawkins, 6 S.W.3d 554, 556
(Tex. Crim. App. 1999).  In Ex parte
Goodbread, 967 S.W.2d 859 (Tex. Crim. App. 1998), the court stated:
"For Double Jeopardy purposes, '[t]he same offense means the identical
criminal act, not the same offense by name.' "  Id. at 860 (citing Luna v. State,
493 S.W.2d 854 (Tex. Crim. App. 1973)).  

In the instant cases,
appellant assaulted the same complainant on four separate and distinct
occasions.  The first occurred on or
about May 30, 1996, the second on or about June 30, 1996, the third on or about
July 30, 1996, and the fourth on or about August 30, 1996.  Thus appellant committed four
distinguishable, discrete assaults which amounted to four separate violations
of the same statute.  Therefore,
appellant did not receive multiple punishments for the Asame offense.@  Rather, he received four punishments for four
separate offenses committed against the same complainant.  The first point of error is overruled.

II.  Article 38.22(3)(a)(5) of the Code of
Criminal Procedure.

The second point of
error contends the trial court erred in admitting appellant's electronically
recorded oral statement.  Specifically,
appellant contends the statement was not admissible because he was not provided
with a copy of the statement.

Article 38.22 of the
code of criminal procedure provides: 

 

 








Sec. 3(a) No oral or
sign language statement of an accused made as a result of custodial
interrogation shall be admissible against the accused in a criminal proceeding
unless:

 

 * * * * * *

 

(5) not later than the
20th day before the date of the proceeding, the attorney representing the
defendant is provided with a true, complete, and accurate copy of all
recordings of the defendant made under this article. (Emphasis added.)

 

Tex. Code Crim. Proc. art. 38.22, ' 3(a)(5)(Vernon Supp.
2002).

 

Appellant argues this
section was violated because he was not provided with a copy of his
electronically recorded oral statement. 
In Lane v. State, 933 S.W.2d 504, 514 (Tex. Crim. App. 1996), the
court held that the word "provide" meant to "make
available."  Id.  The court explicitly held that article 38.22
did not require the State to physically deliver a copy of the recording to the
defense; instead, the statute merely placed upon the State a duty to inform the
defense of the existence of a recording and permit reasonable access to a copy
of it.  Id. at 516.  The record reflects the State informed
defense counsel of appellant=s statement and
arranged a meeting for counsel to listen to the statement.[2]  However, defense counsel canceled the meeting.  We will not find a statutory violation by
either the State or the trial judge when defense counsel failed to attend the
meeting scheduled for a time to comply with the statute.  The second point of error is overruled.








III.  Good Conduct Time Instruction.

The third and fourth
points of error contend the appellant contends the trial court erred in
instructing the jury, as mandated by article 37.07, section 4(a) of the code of
criminal procedure, regarding the availability of good conduct time.  Tex.
Code Crim. Proc. Ann. art. 37.07, ' 4(a) (Vernon Supp.
2002).  Appellant argues the instruction
violates the Due Process Clause of the Fourteenth Amendment to the United
States Constitution and the Due Course of Law provisions of the Texas
Constitution because he was not, in fact, eligible for release on mandatory
supervision. Tex. Gov't Code Ann.
' 508.149(a)(8) (Vernon
Supp.2002).  After the filing of
appellant=s brief in these cases
the Court of Criminal Appeals rejected these precise arguments.  Luquis v. State, 72 S.W.3d 355, 365
(Tex. Crim. App. 2002).  Accordingly, the
third and fourth points of error are overruled.

The judgments of the
trial court are affirmed.

 

 

                                          

CHARLES
F. BAIRD

Justice

 

 

Do not publish.  

Tex. R. App. P. 47.3.

 

Opinion delivered and filed this 

the 8th day of August, 2002.











[1]
Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court
by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).





[2]
These findings are taken from the record comments made by the prosecutor at a
pretrial hearing when defense counsel was notifying the trial judge of his
intention to object to the admission of appellant=s
statement.  In this context, the
unobjected, undisputed observations made by the prosecutor constitute valid
proof.  Emerson v. State, 820
S.W.2d 802, 804 (Tex. Crim. App. 1991).