**Opinion filed October 13, 2016**



### In The

# Eleventh Court of Appeals

_____

## No. 11-14-00256-CR

_____

### TERRY ANTHONY VALENTI, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR40880**

### MEMORANDUM OPINION ON
### STATE'S MOTION FOR REHEARING

The State has filed a motion for rehearing disagreeing with our conclusion that Appellant's double jeopardy rights were violated. The State poses this question in the motion for rehearing: "Was Appellant tried and acquitted for the same offense when no proof was offered at the first trial?" The State cites *Ex parte Goodbread* for the proposition that "[d]ouble jeopardy only bars offenses for which proof was

offered at trial." 967 S.W.2d 859, 861 (Tex. Crim. App. 1998). Based upon this premise, the State essentially contends that jeopardy did not attach to anything with respect to the first jury trial because no evidence was offered prior to the case being dismissed on the State's motion. For the reasons set forth herein, we respectfully disagree with the State.

We note at the outset that the Court of Criminal Appeals did in fact state in *Goodbread* that "Double Jeopardy bars only offenses for which proof was offered at trial." *Id.* However, the circumstances in *Goodbread* are very different from the facts in this case. *Goodbread* involved a defendant that was alleged to have committed the same offense ("certain acts of unlawful sexual conduct") on multiple occasions (at least thirteen). *Id.* at 860. Additionally, the first proceeding resulted in a completed trial. *Id.* Under these circumstances, the court was tasked with determining what offense was tried in the defendant's initial trial in order to determine if double jeopardy attached to any subsequent criminal proceedings. *Id.* at 860–61. As noted by the court, "[f]or Double Jeopardy purposes, '[t]he same offense means the identical criminal act, not the same offense by name.'" *Id.* at 860 (alteration in original) (quoting *Luna v. State*,[1] 493 S.W.2d 854, 855 (Tex. Crim. App. 1973)). The court held that, "[w]hen an indictment permits the State to obtain only one conviction, a defendant is not placed in jeopardy for more than one criminal act unless the State offers multiple instances of conduct in support of the indictment." *Id.* at 861. While the initial indictment in *Goodbread* only alleged one offense, the proof offered at trial expanded the number of offenses affected by double jeopardy because the State offered evidence of two instances of alleged conduct during the trial. *Id.*

---

[1] *Luna* involved a defendant that sold heroin on two separate occasions to the same undercover officer approximately three months apart. 493 S.W.2d at 854–55.

The facts in this case are readily distinguishable from those in *Goodbread*. There is no allegation that Appellant committed an alleged forgery on more than one occasion. In this regard, the trial court's order overruling Appellant's special plea of double jeopardy provides that "[t]he writing in both cases is the same Power of Attorney for Transfer of Ownership to a Motor Vehicle" and that "[i]t's clear that the Defendant is being tried in both cases for passing the same Power of Attorney." The court in *Goodbread* appeared to address this situation when it stated: "In *Luna*, we held that, *when one cannot determine from the State's pleadings whether the offenses prosecuted are the same*, the court must look to the proof offered at trial." *Id.* at 860 (emphasis added). In this case, one can determine from the State's pleadings that the offenses being prosecuted are the same. Under the holding in *Parker v. State*, 985 S.W.2d 460, 464 (Tex. Crim. App. 1999), Appellant was tried in the second trial for the same offense for which he was indicted in the first trial.

Our jurisprudence establishes that jeopardy attaches in a jury trial when the jury is empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 38 (1978); *see Duran v. State*, 492 S.W.3d 741, 745 (Tex. Crim. App. 2016); *Pierson v. State*, 426 S.W.3d 763, 769 (Tex. Crim. App. 2014). In *Crist*, the Supreme Court analyzed why jeopardy attaches at this "precise point" in a jury trial—"[t]he reason for holding that jeopardy attaches when the jury is empaneled and sworn lies in the need to protect the interest of an accused in retaining a chosen jury." 437 U.S. at 35 (noting the defendant's "valued right to have his trial completed by a particular tribunal") (quoting *Wade v. Hunter*, 336 U.S. 684, 689 (1949)). To hold that jeopardy does not attach to anything if evidence is not offered in a jury trial after the jury is empaneled and sworn would be contrary to the well-established law regarding the

point in a jury trial when jeopardy attaches.[2]  Accordingly, we deny the State's motion for rehearing.

JOHN M. BAILEY

JUSTICE

October 13, 2016

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[2]In his concurring opinion in *Goodbread*, Judge Meyers posed the following question: "[I]f we have to look to the proof at trial to determine what is jeopardy barred, then to what has jeopardy 'attached' before proof is offered?  After all, we know jeopardy attaches in a jury trial the moment the jury is empaneled and sworn.  Is the majority suggesting jeopardy does not attach until proof is offered?  Certainly not . . . ."  967 S.W.2d at 861–62 (Meyers, J., concurring opinion) (citations omitted).  He continued by opining that jeopardy attaches to the indictment when the jury is empaneled and sworn but that, if evidence is subsequently presented at trial, it may narrow or, as in the case of *Goodbread*, broaden the offenses to which jeopardy attaches.  *Id.* at 862.

4