# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-22-00390-CR

---

Anthony Joseph Dunbar,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
12th District Court of Walker County, Texas
Judge David W. Moorman, presiding
Trial Court Cause No. 29092

---

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

### MEMORANDUM OPINION

A jury found Appellant Anthony Joseph Dunbar guilty of one count of continuous sexual abuse of a child, four counts of indecency with a child by exposure, and two counts of indecency with a child by sexual contact. The jury assessed Dunbar's punishment at life imprisonment for the continuous-sexual-abuse-of-a-child offense, at ten years' confinement for each of the indecency-with-a-child-by-exposure offenses, and at twenty years' confinement for each

of the indecency-with-a-child-by-sexual-contact offenses. The trial court sentenced Dunbar accordingly. Dunbar has appealed. In his sole issue, Dunbar contends that the jury charge permitted him to be convicted multiple times for the same conduct, which violates the Double Jeopardy Clause. We will affirm.

## Background

Dunbar was charged with indecency with a child by sexual contact in Counts 4 and 8. In Count 4, the indictment specifically alleged that Dunbar "on or about June 1, 2017 did then and there, with the intent to arouse or gratify [his] sexual desire . . . , engage in sexual contact with . . . the complainant[ ] by touching the breast of the complainant, a child younger than 17 years of age." In Count 8, the indictment alleged that Dunbar committed the same type of conduct as that alleged in Count 4 but that the conduct in Count 8 occurred on or about July 1, 2017.

In Counts 6, 10, and 12, Dunbar was charged with indecency with a child by exposure.[1] In Count 6, the indictment alleged that Dunbar "on or about June 1, 2017 did then and there, with the intent to arouse or gratify [his] sexual desire . . . , expose [his] genitals, knowing that [the complainant], a child younger than 17 years of age, was present." In Count 10, the indictment

---

[1] Dunbar was also charged with indecency with a child by exposure in Count 2; however, in Count 2, the indictment alleged that Dunbar committed a different type of conduct than that alleged in Counts 6, 10, and 12. Accordingly, we need not discuss the details of Count 2 in this opinion.

alleged that Dunbar committed the same type of conduct as that alleged in Count 6 but that the conduct in Count 10 occurred on or about July 1, 2017. In Count 12, the indictment alleged that Dunbar committed the same type of conduct as that alleged in Counts 6 and 10 but that the conduct in Count 12 occurred on or about August 11, 2017.

At trial, the State presented evidence that Dunbar committed the multiple charged offenses. Specifically, the complainant testified that Dunbar committed multiple acts of indecency with her every couple of weeks from spring break 2017 to the end of the summer 2017. Dunbar acknowledges this and does not challenge the sufficiency of the evidence to support that he committed the multiple charged offenses.

The jury charge regarding Count 4 provided in relevant part:

> The state accuses the defendant of having committed the offense of indecency with a child. Specifically, the accusation is that the defendant with the intent to arouse or gratify the sexual desire of the defendant, engaged in sexual contact by touching the breast of [the complainant], a child younger than seventeen years old.
>
> . . . .
>
> **Definitions**
>
> . . . .
>
> *On or about*
>
> The indictment alleges that the offense was committed on or about June 1, 2017. The state is not required to prove that the alleged

offense happened on that exact date.  It is sufficient if the state proves that the offense was committed before May 27, 2021[,] the date the indictment was filed.

**Application of Law to Facts**

You must determine whether the state has proved, beyond a reasonable doubt, three elements.  The elements are that—

> 1.  the defendant, in Walker County, Texas, on or about June 1, 2017, engaged in sexual contact by touching the breast of [the complainant];
>
> 2.  [the complainant] was a child younger than seventeen years old; and
>
> 3.  the defendant did this with the intent to arouse or gratify the defendant's sexual desire.

The state has presented evidence of more than one incident to prove indecency with a child as alleged in count IV.  To reach a guilty verdict [on] count IV, you must all agree that the state has proved elements 1, 2, and 3 listed above, and you must also all agree that these elements occurred in the same incident.  While it is permissible for you all to agree on more than one incident, to reach a guilty verdict in this case, you must all agree that these elements occurred in the same incident or incidents.

If you all agree the state has failed to prove, beyond a reasonable doubt, one or more of elements 1, 2, and 3 listed above, you must find the defendant "not guilty."

If you all agree the state has proved, beyond a reasonable doubt, the three elements listed above, and you all agree on the same incident or incidents when these elements occurred, you must find the defendant "guilty[.]"

The jury charge regarding Count 8 read essentially identically to the jury charge regarding Count 4 except that, regarding Count 8, the jury charge

stated that the indictment alleged that the offense was committed on or about July 1, 2017, and that the first element of the offense that the State had to prove beyond a reasonable doubt was therefore that "the defendant, in Walker County, Texas, on or about July 1, 2017, engaged in sexual contact by touching the breast of [the complainant]."

The jury charge regarding Count 6 then provided in relevant part:

The state accuses the defendant of having committed the offense of indecency with a child. Specifically, the accusation is that the defendant with the intent to arouse or gratify the sexual desire of the defendant, exposed his genitals, knowing [the complainant], a child younger than seventeen years old, was present.

. . . .

**Definitions**

. . . .

*On or about*

The indictment alleges that the offense was committed on or about June 1, 2017[. T]he state is not required to prove that the alleged offense happened on that exact date. It is sufficient if the state proves that the offense was committed before May 27, 2021, the date the indictment was filed.

**Application of Law to Facts**

You must determine whether the state has proved, beyond a reasonable doubt, four elements. The elements are that—

1. the defendant, in Walker County, Texas, on or about June 1, 2017, exposed any part [of] his genitals; and

2. the defendant did this with the intent to arouse or gratify the sexual desire of the defendant; and

3. the defendant knew [the complainant] was present; and

4. [the complainant] was a child younger than seventeen years old.

The state has presented evidence of more than one incident to prove indecency with a child as alleged in count VI. To reach a guilty verdict [on] count VI, you must all agree that the state has proved elements 1, 2, 3, and 4 listed above, and you must also all agree that these elements occurred in the same incident. While it is permissible for you all to agree on more than one incident, to reach a guilty verdict in this case, you must all agree that these elements occurred in the same incident or incidents.

If you all agree the state has failed to prove, beyond a reasonable doubt, one or more of elements 1, 2, 3, and 4 listed above, you must find the defendant "not guilty."

If you all agree the state has proved, beyond a reasonable doubt, the three [*sic*] elements listed above, and you all agree on the same incident or incidents when these elements occurred, you must find the defendant "guilty[.]"

The jury charge regarding Count 10 read essentially identically to the jury charge regarding Count 6 except that, regarding Count 10, the jury charge stated that the indictment alleged that the offense was committed on or about July 1, 2017, and that the first element of the offense that the State had to prove beyond a reasonable doubt was therefore that "the defendant, in Walker County, Texas, on or about July 1, 2017, exposed any part [of] his genitals." Likewise, the jury charge regarding Count 12 read essentially identically to the jury charge regarding Counts 6 and 10 except that, regarding Count 12,

the jury charge stated that the indictment alleged that the offense was committed on or about August 11, 2017, and that the first element of the offense that the State had to prove beyond a reasonable doubt was therefore that "the defendant, in Walker County, Texas, on or about August 11, 2017, exposed any part [of] his genitals."

The jury found Dunbar guilty of all the foregoing indecency-with-a-child counts.

## Discussion

As stated above, Dunbar contends in his sole issue that the jury charge permitted him to be convicted multiple times for the same conduct, which violates the Double Jeopardy Clause. More specifically, Dunbar complains that the jury charge permitted the jury to convict him of indecency with a child in Count 4 for a specific incident of conduct that included touching the complainant's breast and then erroneously permitted the jury to convict him again of indecency with a child in Count 8 for the same incident. Similarly, Dunbar complains that the jury charge permitted the jury to convict him of indecency with a child in Count 6 for a specific incident of conduct that included exposing any part of his genitals, knowing the complainant was present, and then erroneously permitted the jury to convict him of indecency with a child in Counts 10 and 12 for the same incident.

When an appellant presents us with a jury charge issue, we must first determine if there is error in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (citing *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003)). If we conclude that there is error in the charge, then we analyze that error for harm. *Id.*

Article 36.14 of the Code of Criminal Procedure provides that the trial court "shall . . . deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case[.]" TEX. CODE CRIM. PROC. ANN. art. 36.14. "The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case." *Beltran De La Torre v. State*, 583 S.W.3d 613, 617 (Tex. Crim. App. 2019) (quoting *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996)).

The Double Jeopardy Clause prohibits multiple convictions and multiple punishments for the same offense. *See Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006). But the same offense does not mean the same statutory offense by name. *Ex parte Goodbread*, 967 S.W.2d 859, 860 (Tex. Crim. App. 1998). If a defendant commits a criminal act on multiple but separate occasions, each of the multiple incidents individually establishes a different offense or unit of prosecution. *See Cosio v. State*, 353 S.W.3d 766, 772 (Tex. Crim. App. 2011). For Double Jeopardy purposes, the same offense

means the "identical criminal act." *Goodbread*, 967 S.W.2d at 860 (quoting *Luna v. State*, 493 S.W.2d 854, 855 (Tex. Crim. App. 1973)).

Here, the jury charge referred to separate dates for Counts 4 and 8 and to separate dates for Counts 6, 10, and 12, thereby attempting to prevent an interpretation by the jury that it was permitted to convict Dunbar multiple times for an identical criminal act. Dunbar argues, however, that the separate dates were meaningless because "the jury's explicit instructions of the applicable law[ ] state that precise dates do not matter" and because "the charge permits the jury to consider multiple acts in each count."

But it is well-settled that the inclusion of "on or about" language in an indictment allows the State to prove at trial that the charged offense occurred on a date other than the specific date alleged in the indictment, provided that the offense date that is proven at trial occurred before the presentment of the indictment and within the applicable statutory limitations period. *Templeton v. State*, 629 S.W.3d 616, 623 (Tex. App.—Eastland 2021, no pet.); *see Klein v. State*, 273 S.W.3d 297, 303 n.5 (Tex. Crim. App. 2008). Additionally, Texas law requires that a jury reach a unanimous verdict about the specific crime that the defendant committed, which means that the jury must "agree upon a single and discrete incident that would constitute the commission of the offense alleged." *Cosio*, 353 S.W.3d at 771 (quoting *Stuhler v. State*, 218 S.W.3d 706, 717 (Tex. Crim. App. 2007)). Accordingly, to ensure unanimity when the State

charges one offense and presents evidence that the defendant committed the charged offense on multiple but separate occasions, the jury charge must instruct the jury that its verdict must be unanimous as to the single offense or unit of prosecution among those presented. *See id.* at 772. Therefore, the jury instructions about which Dunbar complains were not legally erroneous.

"[J]ury instructions which are not themselves legally erroneous but might be 'ambiguous and therefore subject to an erroneous interpretation' or application are reviewed to determine 'whether there is a reasonable likelihood that the jury has applied the challenged instruction' in an erroneous way." *Luquis v. State*, 72 S.W.3d 355, 367 n.37 (Tex. Crim. App. 2002) (quoting *Boyde v. California*, 494 U.S. 370, 380, 110 S.Ct. 1190, 1198, 108 L.Ed.2d 316 (1990)). The U.S. Supreme Court stated:

> Jurors do not sit in solitary isolation booths parsing instructions for subtle shades of meaning in the same way that lawyers might. Differences among them in interpretation of instructions may be thrashed out in the deliberative process, with commonsense understanding of the instruction in light of all that has taken place at the trial likely to prevail over technical hairsplitting.

*Boyde*, 494 U.S. at 380–81, 110 S.Ct. at 1198.

Nothing in this record suggests that the jury interpreted this jury charge to indicate that it was permitted to convict Dunbar multiple times for the identical criminal act in Counts 4 and 8 and the identical criminal act in Counts 6, 10, and 12. Furthermore, the context of the proceedings led the jury

to apply the jury charge appropriately. The State presented evidence that Dunbar committed multiple acts of indecency with the complainant every couple of weeks from spring break 2017 to the end of the summer 2017. Additionally, during closing arguments, the State indicated that Dunbar was charged with multiple counts because Dunbar committed indecency with the complainant on multiple but separate occasions. For example, when discussing Count 8, the State argued: "Indecency with a child. The defendant engaged in sexual assault, again, by touching the breasts of the victim. Didn't do it once. He did it multiple times."

For these reasons, we conclude that there is not a reasonable likelihood that the jury applied the challenged instructions in an erroneous way. *See Luquis*, 72 S.W.3d at 367 n.37. Accordingly, we overrule Dunbar's sole issue.

## Conclusion

Having overruled Dunbar's sole issue, we affirm the trial court's judgments.

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  April 24, 2025

Before Chief Justice Johnson,
        Justice Smith, and
        Justice Harris
Affirmed
Do not publish
CRPM

