**Ex Parte Eric Henry NAGLE.**

Nos. 04–98–01076–CR-04–98–01081–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 27, 2000.

Luis R. Vera, Jr., Christopher P. Lenahan, Law Offices of Luis R. Vera, Jr. & Associates, San Antonio, for Appellant.

E. Bruce Curry, Dist. Atty., Kerrville, for Appellee.

Before HARDBERGER, Chief Justice, RICKHOFF, Justice, and DUNCAN, Justice.

## OPINION

DUNCAN, Justice.

Eric Henry Nagle appeals the trial court's denial of habeas corpus relief. On March 24, 1999, we issued an opinion and order dismissing the appeals for lack of

jurisdiction. Nagle timely filed motions for rehearing. We grant the motions, withdraw our previous opinion and order, and issue this opinion and judgment in their stead.

FACTUAL AND PROCEDURAL BACKGROUND

In July 1996, a grand jury returned six indictments against Nagle. Each indictment alleged a different act of aggravated assault by Nagle against one of two children, H.A. and F.A., who are the daughters of Nagle's girlfriend:

1. Nagle penetrated H.A.'s sexual organ with his sexual organ on or about January 1, 1995 (Trial Court No. A96–163; Appeal No. 04–98–01076–CR);

2. Nagle penetrated H.A.'s sexual organ with his finger on or about December 1, 1994 (Trial Court No. A96–164; Appeal No. 04–98–01077–CR);

3. Nagle penetrated H.A.'s sexual organ with his sexual organ on or about November 1, 1994 (Trial Court No. A96–165; Appeal No. 04–98–01078–CR);

4. Nagle penetrated F.A.'s sexual organ with his sexual organ on or about November 1, 1994 (Trial Court No. A96–166; Appeal No. 04–98–01079–CR);

5. Nagle penetrated F.A.'s sexual organ with his sexual organ on or about December 1, 1994 (Trial Court No.A96–167; Appeal No. 04–98–01080–CR); and

6. Nagle penetrated F.A.'s sexual organ with his sexual organ on or about January 1, 1995 (Trial Court No. A96–168; Appeal No. 04–98–01081–CR).

In March 1998, Nagle applied for a writ of habeas corpus in each case. In each application, Nagle asked the trial court to dismiss the charge against him with prejudice. Nagle reasoned that, because the indictment had not been returned until eight months after he was arrested, it was untimely pursuant to former articles 32.01 and 28.061 of the Code of Criminal Procedure. On April 7, 1998, the trial court denied relief and set the cases for trial on August 18, 1998. However, the State announced it would proceed only on Trial Court No. A96–168.

The jury found Nagle not guilty of sexually assaulting F.A. by penetrating her sexual organ with his. Thereafter, on October 20, 1998, Nagle again applied for a writ of habeas corpus in each of the six cases. In these applications, Nagle contends the State is barred from prosecuting him by the Double Jeopardy Clauses of the United States and Texas Constitutions and by the doctrine of collateral estoppel. At a hearing held November 16, 1998, the trial court denied relief.[1]

STANDARD OF REVIEW

■ We review the trial court's denial of habeas corpus relief under an abuse of discretion standard. *Ex parte Guinther,* 982 S.W.2d 506, 508 (Tex.App.—San Antonio 1998, no pet.). That is, we "view the evidence in the light most favorable to the trial court's ruling," giving the trial court almost total deference with regard to findings of historical fact supported by the record. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). We review the trial court's determination of the law as

---

1. Although the trial court did not issue the requested writ of habeas corpus, it nonetheless heard argument and ruled on the merits of Nagle's double jeopardy and collateral estoppel claims. We therefore have jurisdiction over these appeals. *See Ex parte Hargett,* 819 S.W.2d 866, 869 (Tex.Crim.App.1991).

well as its application of the law to the facts de novo. *Id.*

## RESTRAINT OF LIBERTY

### (TRIAL COURT NO. A96–168; APPEAL No. 04–98–01081–CR)

■ Nagle applied for a writ of habeas corpus in Trial Court No. A96–168 (Appeal No. 04–98–01081–CR). However, Nagle was acquitted in this case and thus is in no way restrained in his liberty. Accordingly, the trial court correctly denied habeas corpus relief in this case. *See* TEX.CODE CRIM. PROC. arts. 11.21–.23 (Vernon 1977).

## UNTIMELY INDICTMENTS

### (REMAINING CASES)

■ Nagle contends the indictments in the remaining five cases should be dismissed because they were untimely under former articles 28.061 and 32.01 of the Texas Code of Criminal Procedure. However, Nagle waived his right to relief on this ground by filing his applications for writs of habeas corpus after the indictments were returned. *See Brooks v. State,* 990 S.W.2d 278, 285 (Tex.Crim.App.), *cert. denied,* 528 U.S. 956, 120 S.Ct. 384, 145 L.Ed.2d 300 (1999).[2]

## DOUBLE JEOPARDY—F.A.

### (TRIAL COURT NOS. A96–166 AND A96– 167; APPEAL NOS. 04–98–01079– CR AND 04–98–01080–CR)

Nagle argues he was acquitted of the charges in Trial Court Nos. A96–166 and A96–167 by virtue of his acquittal in Trial Court No. A96–168. Therefore, Nagle argues, the State is barred from prosecuting him in these cases by the Double Jeopardy

Cause of the United States Constitution. We agree.

## *Applicable Law*

■ The Double Jeopardy Clause bars the state from putting a person in jeopardy twice for the same offense. U.S. CONST. amends. V, XIV. "For Double Jeopardy purposes, '[t]he same offense means the identical criminal act, not the same offense by name.'" *Ex parte Goodbread,* 967 S.W.2d 859, 860 (Tex.Crim.App.1998) (quoting *Luna v. State,* 493 S.W.2d 854 (Tex.Crim.App.1973)). Thus, each distinct instance of sexual assault may be separately indicted and tried. *Id.* at 861. Moreover, the State is not bound by the "on or about" date alleged in the indictment. *Id.* 860. Therefore, when a single indictment alleges a single offense, the State may put on evidence of multiple instances of the same conduct occurring within the limitations period. *Brown v. State,* 6 S.W.3d 571, 575–76 (Tex.App.—Tyler 1999, pet. ref'd). However, the State or the court must elect the instance of conduct upon which the State is seeking to convict; if an election is not made, double jeopardy will bar prosecution of all offenses raised by the evidence at trial. *Goodbread,* 967 S.W.2d at 861.

■ An election is "some action that excludes or limits the jury's consideration of an offense." *Id.* at 861 n. 2; *see, e.g., O'Neal v. State,* 746 S.W.2d 769, 771 (Tex. Crim.App.1988) (election was set out in jury charge together with an instruction limiting the jury's consideration of the extraneous acts). To determine whether further prosecution is jeopardy-barred, the court must review the proof offered at the first trial and whether an election was

---

**2.** We also note Nagle has not appealed the trial court's April 7, 1998 orders. Rather, his notices of appeal state he appeals "from the order of the District Court, entered 16 No-

vember 1998, denying his Application For Writ of Habeas Corpus on grounds of Double Jeopardy."

made. *Goodbread*, 967 S.W.2d at 860–61. We thus turn to the record of the trial in Trial Court No. A96–168.

### The Record in Trial Court No. A96–168

The indictment in Trial Court No. A96–168 alleged Nagle committed aggravated sexual assault against F.A. on or about January 1, 1995, by inserting his sexual organ into F.A.'s sexual organ. To prove its case, the State's introduced the testimony of three witnesses: F.A.'s stepmother, the outcry witness; F.A.; and a doctor who examined F.A.

F.A.'s stepmother testified on direct that F.A. told her in June 1995 that Nagle had put his genitals into hers and made her bleed "lots of times"; that F.A. did not know the dates but said "around Easter, Christmas, things like that"; and that the last time was around Easter. On cross-examination, F.A.'s stepmother testified F.A. told her it happened around Easter, Christmas time, and Thanksgiving time.

The State was unable to elicit much testimony from F.A., but she testified on cross-examination that Nagle had done this to her "a lot of different times." In his testimony, the doctor related the history given him by F.A., which included various acts of sexual assault, and stated F.A. told him it had occurred "seven or nine times." He also testified F.A.'s stepmother related to him that she had found vaginal discharge and bloodstains in F.A.'s panties several times in 1993 and 1994 and once in May 1995.

At the close of the evidence and outside the jury's presence, the State announced it was electing to proceed on the act of penile penetration that occurred around Easter of 1995. However, this election was not disclosed to the jury. Rather, the charge instructed the jury to acquit Nagle unless it found beyond a reasonable doubt that:

on or about the 1st day of January, 1995, in Kerr County, Texas, the defendant, ERIC HENRY NAGLE, did then and there, intentionally or knowingly, cause the penetration of the female sexual organ of [F.A.], a female child then and there younger than fourteen (14) years of age, by inserting his, the said defendant's sexual organ in said female sexual organ . . .

Nor was the State's election mentioned in the State's closing argument.

The trial court also instructed the jury that the State was not required to prove the exact date alleged in the indictment; rather, it would be sufficient if the State proved the offense was committed at any time within ten years before the presentment of the indictment. Nagle objected to this instruction, warning it would result in double jeopardy barring prosecution of the other charges. In line with this instruction, the prosecutor argued "[a]ll we have to prove is that it was committed prior to the presentment of the indictment, which was July 22nd of 1996, and within the statute of limitations, which is . . . ten years."

### Discussion

■ Based upon this record, Nagle argues the State's proof that he sexually assaulted F.A. in the manner alleged in the indictment "lots of times" and its failure to elect the incident on which it wanted to convict placed him in jeopardy as to all similar acts of sexual assault against F.A. The State counters that it made an election to seek a conviction on the sexual assault that occurred around Easter 1995. Contrary to the State's argument, however, it did not make an effective election, because the jury was not limited in any way to the Easter 1995 incident either by

the State's proof or the court's charge.[3] Accordingly, the State is barred from prosecuting Nagle for aggravated sexual assault by inserting his sexual organ into F.A.'s sexual organ *on any occasion* prior to the July 1996 indictment. We therefore reverse the trial court's orders denying relief in Trial Court Nos. A96–166 and A96–167 (Appeal Nos. 04–98–01079–CR and 04–98–01080–CR).

### COLLATERAL ESTOPPEL—H.A.

(TRIAL COURT NOS. A96–163, A96–164, AND A96–165; APPEAL NOS. 04–98–01076–CR, 04–98–01077–CR, AND 04–98–01078–CR)

▮▮▮▮ Finally, Nagle argues he was acquitted of the charges in Trial Court Nos. A96–163, A96–164, and A96–165 (alleging various acts of aggravated sexual assault committed by Nagle against H.A.) by virtue of his acquittal in Trial Court No. A96–168, because prosecution of the indictments is barred by the collateral estoppel component of the Double Jeopardy Clause. *See Ashe v. Swenson,* 397 U.S. 436, 443–44, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) (collateral estoppel prohibits the State from relitigating an issue of ultimate fact that was necessarily determined in a previous trial); *Dedrick v. State,* 623 S.W.2d 332, 336 (Tex.Crim.App.1981). We disagree. The identity of the perpetrator was not the only disputed issue at trial. Indeed, Nagle vigorously argued the evidence did not support a finding that F.A.'s sexual organ had been penetrated by an adult male's sexual organ; thus, the jury could have acquitted on that ground, while still believing Nagle had sexually molested F.A. by other means. Moreover, nothing at trial necessarily implied that the two girls were molested by the same person. Because the jury in Trial Court No. A96–198 did not necessarily determine any issue re-

garding the alleged sexual assault of H.A., Nagle's collateral estoppel argument fails. We therefore affirm the trial court's orders denying relief in Trial Court Nos. A96–163, A96–164, and A96–165 (Appeal Nos. 04–98–01076–CR, 04–98–01077–CR, and 04–98–01078–CR).

### CONCLUSION

We affirm the trial court's orders denying habeas corpus relief in Appeal Nos. 04–98–01076–CR, 04–98–01077–CR, 04–98–01078–CR, and 04–98–01081–CR; and reverse the trial court's orders denying relief in Appeal Nos. 04–98–01079 and 04–98–01080–CR and render judgment dismissing the indictments in these causes (Trial Court Nos. A96–166 and A96–167).

---

**3.** Because F.A. was less than ten years old when the indictment was returned, all of the

alleged incidents involving her must have occurred within the limitation period.