In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00011-CR


______________________________




RANDY ALAN JELKS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 248th Judicial District Court


Harris County, Texas


Trial Court No. 917637




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Randy Alan Jelks has filed a motion in which he moves this Court to dismiss his appeal,
pursuant to Tex. R. App. P. 42.2. His motion is granted.

 The appeal is dismissed.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 11, 2003

Date Decided: March 12, 2003


Do Not Publish



 1px;
 border-style: solid;
 border-color: black;
 margin-top: 25px;
 padding: 6px;
 line-height: normal
}

span.WPNormal
{
 font-family: "Times New Roman", serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal;
 font-variant: normal;
 text-align: left;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Times New Roman", serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal
}

















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00020-CR
______________________________


 
 
 
EX PARTE DAVID INFANTE
 
 


                                              
 
On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 16,841-2001A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N
            David Infante appeals the trial court's denial of his pretrial application for writ of habeas
corpus. A jury recently acquitted him of aggravated sexual assault. Infante now asks us to bar the
State from prosecuting him in five remaining cases (in which the charges range from indecency with
a child to aggravated sexual assault) because he was acquitted on the other charge. Based on the
record before us and the applicable law, we affirm the trial court's judgment.
I. Factual and Procedural Background
            On August 2, 2001, a grand jury charged Infante in cause number 16,841-2001-A with the
aggravated sexual assault of S.I., a child.


 See Tex. Pen. Code Ann. § 22.021 (Vernon Supp.
2004–2005). More specifically, the indictment in 16,841-2001-A alleged, 
that on or about the 25th day of May A.D. 2001, and before the presentment of this
indictment, in the County and State aforesaid, DAVID INFANTE, hereinafter styled
Defendant, did then and there intentionally and knowingly cause the mouth of [S.I.],
a child who was then and there younger than 14 years of age and not the spouse of
the defendant, to contact the sexual organ of the defendant, against the peace and
dignity of the State. 

            The grand jury also indicted Infante in four other cases. In 16,842-2001-A, the indictment
charged him with aggravated sexual assault and alleged,

that on or about the 25th day of May A.D. 2001, and before the presentment of this
indictment, in the County and State aforesaid, DAVID INFANTE, hereinafter styled
Defendant, did then and there intentionally and knowingly cause the sexual organ of
[S.I.], a child who was then and there younger than 14 years of age and not the
spouse of the defendant, to contact the mouth of the defendant, against the peace and
dignity of the State.
 
            In 16,843-2001-A, Infante was also charged with aggravated sexual assault, and that
indictment alleged, 
that on or about the 11th day of May A.D. 2001, and before the presentment of this
indictment, in the County and State aforesaid, DAVID INFANTE, hereinafter styled
Defendant, did then and there intentionally and knowingly cause the penetration of
the female sexual organ of [S.I.], a child who was then and there younger than 14
years of age and not the spouse of the defendant, by defendant's finger, against the
peace and dignity of the State. 
 
            In 16,844-2001-A, the grand jury charged Infante with indecency with a child. See Tex. Pen.
Code Ann. § 21.11(a)(2) (Vernon 2003). More specifically, that indictment alleged,
that on or about the 27th day of April A.D. 2001, and before the presentment of this
indictment, in the County and State aforesaid, DAVID INFANTE, hereinafter styled
Defendant, did then and there, with intent to arouse and gratify the sexual desire of
said defendant, intentionally and knowingly engage in sexual contact with [S.I.], by
touching the female sexual organ of [S.I.], a child younger than 17 years of age and
not the spouse of the defendant, against the peace and dignity of the State.
 
            In 16,845-2001-A, Infante was also charged with indecency with a child by sexual contact,
and that indictment alleged, 
that on or about the 27th day of April A.D. 2001, and before the presentment of this
indictment, in the County and State aforesaid, DAVID INFANTE, hereinafter styled
Defendant, did then and there, with the intent to arouse and gratify the sexual desire
of said defendant, intentionally and knowingly engage in sexual contact with [S.I.],
by touching the anus of [S.I.], a child younger than 17 years of age and not the spouse
of the defendant, against the peace and dignity of the State.
 
            On January 16, 2002, another grand jury returned a sixth indictment against Infante in cause
number 17,046-2002-A. This indictment charged Infante with "intentionally and knowingly
caus[ing] the anus of [S.I.], a child who was then and there younger than 14 years of age and not the
spouse of the defendant, to contact the mouth of the defendant, against the peace and dignity of the
State." The alleged offense occurred May 25, 2001. 
            After the jury acquitted Infante of aggravated sexual assault in 16,843-2001-A, Infante filed
a pretrial application for writ of habeas corpus seeking to bar the State from further prosecuting him
on the remaining charges. See Tex. Code Crim. Proc. Ann. art. 11.08 (Vernon 1977). The trial
court denied relief. Infante now appeals.
II. Standard of Review
            Usually, the decision to grant an application for writ of habeas corpus "lies within the
discretion of the trial court, and the exercise of that discretion will not be disturbed unless clearly
abused." Ex parte Pipkin, 935 S.W.2d 213, 215 (Tex. App.—Amarillo 1996, pet. ref'd). But the
abuse of discretion standard is not appropriate if the trial court's decision regarding a habeas
application does not turn on witness credibility or demeanor. Ex parte Mann, 34 S.W.3d 716, 718
(Tex. App.—Fort Worth, no pet.). In such a case, the appellate court must review de novo the trial
court's application of law to facts. Id. The standard of review is altered from reviewing for abuse
of discretion because the trial court is not in an appreciably better position than the appellate court
to determine the correct application of law to facts. Id. (citing Guzman v. State, 955 S.W.2d 85, 87
(Tex. Crim. App. 1997)); see also Ex parte Nagle, 48 S.W.3d 213, 215–16 (Tex. App.—San Antonio
2000, no pet.). In the case now before us, the trial court's decision to deny relief did not turn on
witness credibility. Accordingly, we will review the trial court's ruling under the de novo standard.
III. Collateral Estoppel
            Infante first contends the doctrine of collateral estoppel, as set forth in Ashe v. Swenson, 397
U.S. 436 (1970), precludes prosecution of the remaining charges. Infante essentially argues that the
previous acquittal forecloses his identity as the perpetrator of any type of sexual abuse against S.I. 
According to Infante, because the jury acquitted him, it necessarily concluded he was not the
perpetrator and, therefore, cannot be tried in any of the remaining five cases. We disagree.
            Collateral estoppel, though it finds its origins in civil litigation, is embodied in the Fifth
Amendment's protection from double jeopardy and applies with force to state criminal proceedings. 
Id. at 443, 445; Ex parte Watkins, 73 S.W.3d 264, 267 (Tex. Crim. App. 2002). Collateral estoppel
"means simply that when an issue of ultimate fact has once been determined by a valid and final
judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe,
397 U.S. at 443. 
Where a previous judgment of acquittal was based upon a general verdict, as is
usually the case, this approach requires a court to 'examine the record of a prior
proceeding, taking into account the pleadings, evidence, charge, and other relevant
matter, and conclude whether a rational jury could have grounded its verdict upon an
issue other than that which the defendant seeks to foreclose from consideration.' 

Id. (quoting Mayers & Yarborough, Bis Vexari: New Trials and Successive Prosecutions, 74 Harv.
L. Rev. 1, 38–39 (1960)). 
            Even if identity had been shown to be the reason for Infante's acquittal in the case numbered
16,843-2001-A, an offense alleged to have occurred May 11, 2001, that finding should not preclude
prosecution of any of the other offenses, since they were alleged to have been committed on different
occasions, that is, April 27 or May 25, 2001.
            Also, even if the alleged offenses all arose from the same occurrence, the acquittal should
not preclude prosecution on the other charges, since identity was not shown to be the determinative
issue on the acquittal. While Infante did contest, in the case in which he was acquitted, whether he
was the one who sexually assaulted S.I., identity was not the only disputed issue at trial. In fact, it
appears not to have been even the principal issue. Infante also argued that the injuries to S.I.'s hymen
(as reported by Kim Basinger, the sexual assault nurse examiner, and which the State argued proved
the sexual assault occurred), might instead be attributable to a naturally occurring "hymenal fissure." 
During cross-examination, the nurse described a hymenal fissure as "a place in which the hymen has
been disrupted. It's healed over. It can be caused by a number of things." The nurse further
conceded that a hymenal fissure is not caused by sexual abuse. 
            Infante also suggested that the injury to S.I.'s hymen might have accidentally occurred during
one of the many times he changed S.I.'s diaper. S.I.'s mother testified at trial that, while she was at
work, Infante had some responsibility for taking care of S.I. Infante's responsibilities frequently
included changing S.I.'s diapers. According to the mother's testimony, Infante often rushed through
the diaper change, rather than being slow and gentle. There was also evidence that S.I. had severe,
chronic diaper rash. Even S.I.'s mother said S.I. complained of experiencing pain when her mother
cleansed the infected area with a baby wipe. 
            Clearly, more than merely the perpetrator's identity was at issue. Given the possibility that
the jury's verdict turned on an issue other than identity—a possibility that Infante conceded during
the trial court's habeas hearing—we cannot conclude Infante's acquittal in cause number 16,843-2001-A necessarily precludes the State's prosecution in the remaining cases. Thus, Infante's
collateral estoppel argument fails. Cf. Sutton v. State, 495 S.W.2d 912, 913–15 (Tex. Crim. App.
1972) (jury could have based acquittal in prior case on issue other than identity); Nagle, 48 S.W.3d
at 218 (jury's general acquittal did not collaterally estop defendant's prosecution in remaining cases).
            We overrule Infante's first point of error.
IV. Double Jeopardy
            In his second point of error, Infante asserts the State should not be allowed to prosecute him
in the two remaining indecency charges because they are lesser-included offenses of the aggravated
sexual assault case for which he was acquitted in 16,843-2001-A. To do otherwise, contends Infante,
would violate his constitutional protection against double jeopardy. 
            The Double Jeopardy Clause of the Fifth Amendment embodies several concepts: it protects
a person from being twice prosecuted for the same offense; it precludes the State from prosecuting
someone for the same offense or a lesser-included offense after a jury has acquitted the accused; and
it bars punishing a person more than once for the same offense. Nickerson v. State, 69 S.W.3d 661,
670 (Tex. App.—Waco 2002, pet. ref'd) (citing Monge v. California, 524 U.S. 721, 727–28 (1998));
see also U.S. Const. amend. V; Hutchins v. State, 992 S.W.2d 629, 631 (Tex. App.—Austin 1999,
pet. ref'd, untimely filed). Infante invokes the second of these protections. The Fifth Amendment's
Double Jeopardy Clause is enforceable against the States through the Fourteenth Amendment. Ashe,
397 U.S. at 437 (citing Benton v. Maryland, 395 U.S. 784 (1969)).
            "To determine whether offenses are the same for double jeopardy purposes, we must construe
the statutory provisions in question to discern 'the allowable unit of prosecution,' which is 'a
distinguishable discrete act that is a separate violation of the statute.'" Nickerson, 69 S.W.3d at 671
(quoting Ex parte Hawkins, 6 S.W.3d 554, 556 (Tex. Crim. App. 1999)). This distinction is critical
because the Double Jeopardy Clause acts to prevent prosecution only for an "identical criminal act";
the Double Jeopardy Clause does not serve to prohibit subsequent prosecutions merely because the
accused has been charged with a similarly titled offense as that for which he or she was previously
acquitted. Ex parte Goodbread, 967 S.W.2d 859, 860 (Tex. Crim. App. 1998) (citing Luna v. State,
493 S.W.2d 854 (Tex. Crim. App. 1973)). If the remaining charges against Infante are based on the
same specific criminal impulse or prohibited conduct for which he has already been acquitted, then
the prosecution may not proceed. See, e.g., Stephens v. State, 806 S.W.2d 812 (Tex. Crim. App.
1990) (cannot twice prosecute defendant for same rape, of same victim, arising from same incident);
Kalish v. State, 662 S.W.2d 595, 600 (Tex. Crim. App. 1983) (public intoxication and possession
of cocaine were deemed part of same transaction based on facts of case; acquittal of public
intoxication precluded prosecution for drugs). But if the remaining charges are based on criminal
impulses or prohibited actions that were different from those that were made the basis of the State's
charge in 16,843-2001-A, and those actions are statutorily defined to create offenses separate and
distinct from the charge for which the accused was previously acquitted, then double jeopardy will
not preclude Infante from being prosecuted on those charges. See Blockburger v. United States, 284
U.S. 299, 302 (1932); Moffett v. State, 716 S.W.2d 558 (Tex. App.—Dallas 1986, pet. ref'd)
(convictions for both investing in manufacture of controlled substances and possession of controlled
substances did not violate double jeopardy even though same drugs were involved; act of possession
and act of investing in manufacture each constituted separate crime).
            Indecency with a child can be a lesser-included offense of aggravated sexual assault. See,
e.g., Elder v. State, 132 S.W.3d 20, 23–24 (Tex. App.—Texarkana 2004, pet. ref'd) (record showed
State used same facts to prove indecency charges as it later used to prove aggravated sexual assault
charges; State not entitled to seek convictions for both offenses); Pullin v. State, 827 S.W.2d 1, 3
(Tex. App.—Houston [1st Dist.] 1992, no pet.) (indecency is lesser-included offense of aggravated
sexual assault). The question of whether indecency is, in fact, a lesser-included offense often turns
on the wording of the indictment. Weatherby v. State, 61 S.W.3d 733, 736 n.1 (Tex. App.—Fort
Worth 2001, pet. ref'd) (appellant's act of fully penetrating daughter formed basis for both offenses;
indecency was lesser-included offense). But when the facts giving rise to the indecency charge are
not the same that support a prosecution for aggravated sexual assault, the former will not be deemed
to be a lesser-included offense of the latter, and both may be prosecuted without violating the Double
Jeopardy Clause. See, e.g., Bottenfield v. State, 77 S.W.3d 349, 358 (Tex. App.—Fort Worth 2002,
pet. ref'd), cert. denied, 539 U.S. 916 (2003) (evidence showed appellant touched victim's "winkie"
twice, thus supporting convictions for both aggravated sexual assault and indecency).
            If the reviewing court cannot determine, based on the State's pleadings, whether the lesser
offense is the same as the greater offense, the court should look to the proof offered at trial for
clarification. Goodbread, 967 S.W.2d at 860. 
If evidence of more than one offense is admitted and a conviction for either could be
had under the indictment, and neither the State nor the court elects, a plea of former
conviction [or acquittal] is good upon a prosecution based upon one of said offenses,
it being uncertain for which one the conviction [or acquittal] was had.

Walker v. State, 473 S.W.2d 499, 500 (Tex. Crim. App. 1971); see also Nagle, 48 S.W.3d at 216
(failure to elect will permit double jeopardy to bar prosecution of all offenses raised by evidence at
trial).


 This principle, however, bars only prosecution for crimes for which proof was offered at the
previous trial. Goodbread, 967 S.W.2d at 861.
            The indictment in cause number 16,843-2001-A charged Infante with committing aggravated
sexual assault by using his finger to penetrate S.I.'s sexual organ. To prove its case, the State offered
evidence from Basinger, who testified that the victim had two tears on her hymen that were
consistent with having something forcefully inserted. Basinger also testified that, during the taking
of S.I.'s medical history, S.I. said Uncle Fluffy, S.I.'s nickname for Infante, had touched her sexual
organ. Brian Elliot, who is the pastor where S.I.'s grandmother attends church and who testified as
the outcry witness, said the victim had told him "Fluffy was hurting her with his finger . . . in the
vagina." And Carmen Connolly, a psychologist who had counseled S.I., testified S.I. stated during
a counseling session that her Uncle Fluffy had "touched her peepee, where she goes peepee."


 Thus,
it would seem the evidence presented by the State in 16,843-2001-A would support a conviction for
either aggravated sexual assault or indecency with a child. This is because it is theoretically possible
that the indecency allegation contained in the indictment for trial court cause number 16,844-2001-A
(touching the victim's female sexual organ) might be barred by double jeopardy based on the jury's
general acquittal in 16,843-2001-A. 
            But in a double jeopardy challenge, the defendant has the burden to provide a record that both
establishes the commonality of the offenses and shows the State will be relying on the same
instances of misconduct for which the accused was previously convicted or acquitted. United States
v. Register, 931 F.2d 308, 312–13 (5th Cir. 1991) (cited approvingly for application in Texas pretrial
habeas cases in Goodbread, 967 S.W.2d at 861). In Register, the defendant was convicted in federal
district court of two counts of possessing cocaine with intent to distribute: one count alleged a
possession offense that occurred January 20, 1989, and the second count alleged a separate
possession offense occurred January 22, 1989. Id. at 309. On appeal, Register argued that the
conviction under the second count was multiplicitous because his drug possession in January
constituted a continuing offense rather than two distinct offenses. Id. at 312. The Fifth Circuit
disagreed and stated, 
Register has made no attempt to demonstrate that the source of the January 20
delivery was, in fact, the same stash found by the agents in Register's condominium
on January 22. . . . Because Register has offered no evidence to establish that the
cocaine in each of the two transactions came from a common "stash," we find no
violation of the double jeopardy clause.
 
Id. 
            The indictments in 16,844-2001-A and 16,845-2001-A (both charging Infante with
indecency) allege Infante touched the victim's sexual organ or anus. The indictments do not,
however, allege the method or means by which Infante touched S.I. Infante presented no evidence
at the trial court's hearing on his habeas application to demonstrate the charges in 16,844-2001-A
and 16,845-2001-A necessarily require proof of the same conduct for which the jury rendered a "not
guilty" verdict in 16,843-2001-A. Nor has Infante directed our attention to any such evidence in the
record on appeal. This case is, therefore, factually distinguishable from Stephens, 806 S.W.2d 812. 
Accordingly, Infante has not met his burden of proof because we cannot determine from the record
before us whether the conduct for which Infante has been acquitted will form the same basis for the
remaining indecency prosecutions. Cf. Hutchins, 992 S.W.2d at 633. Moreover, at the habeas
corpus hearing the State said it did, in fact, make an election to proceed only on the aggravated
sexual assault charge during the trial of 16,843-2001-A, a claim that Infante did not challenge and
which the record before us supports. As such, we must overrule his second point of error.
            For the reasons stated, we affirm the trial court's judgment.


                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice


Date Submitted:          November 4, 2004
Date Decided:             November 5, 2004 

Publish