Ex Parte David INFANTE.

No. 06–04–00020–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 4, 2004.

Decided Nov. 5, 2004.

Mark Breding, Crumley and Breding, Quitman, for appellant.

Henry Whitley, Special Assistant District Attorney, Marcus D. Taylor, District Attorney, Quitman, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

David Infante appeals the trial court's denial of his pretrial application for writ of habeas corpus. A jury recently acquitted him of aggravated sexual assault. Infante now asks us to bar the State from prosecuting him in five remaining cases (in which the charges range from indecency with a child to aggravated sexual assault) because he was acquitted on the other charge. Based on the record before us and the applicable law, we affirm the trial court's judgment.

## I. Factual and Procedural Background

On August 2, 2001, a grand jury charged Infante in cause number 16,841–2001–A with the aggravated sexual assault of S.I., a child.[1] *See* TEX. PEN.CODE ANN. § 22.021 (Vernon Supp.2004–2005). More specifically, the indictment in 16,841–2001–A alleged,

> that on or about the 25th day of May A.D. 2001, and before the presentment of this indictment, in the County and State aforesaid, DAVID INFANTE, hereinafter styled Defendant, did then and there intentionally and knowingly cause the mouth of [S.I.], a child who was then and there younger than 14 years of age and not the spouse of the defendant, to contact the sexual organ of the defendant, against the peace and dignity of the State.

The grand jury also indicted Infante in four other cases. In 16,842–2001–A, the indictment charged him with aggravated sexual assault and alleged,

> that on or about the 25th day of May A.D. 2001, and before the presentment of this indictment, in the County and State aforesaid, DAVID INFANTE, hereinafter styled Defendant, did then and there intentionally and knowingly cause the sexual organ of [S.I.], a child who was then and there younger than 14 years of age and not the spouse of the defendant, to contact the mouth of the defendant, against the peace and dignity of the State.

and four years old at the time of trial.

---

1. The evidence at trial showed S.I. was three years old at the time of the alleged assault

In 16,843–2001–A, Infante was also charged with aggravated sexual assault, and that indictment alleged,

that on or about the 11th day of May A.D. 2001, and before the presentment of this indictment, in the County and State aforesaid, DAVID INFANTE, hereinafter styled Defendant, did then and there intentionally and knowingly cause the penetration of the female sexual organ of [S.I.], a child who was then and there younger than 14 years of age and not the spouse of the defendant, by defendant's finger, against the peace and dignity of the State.

In 16,844–2001–A, the grand jury charged Infante with indecency with a child. *See* TEX. PEN.CODE ANN. § 21.11(a)(2) (Vernon 2003). More specifically, that indictment alleged,

that on or about the 27th day of April A.D. 2001, and before the presentment of this indictment, in the County and State aforesaid, DAVID INFANTE, hereinafter styled Defendant, did then and there, with intent to arouse and gratify the sexual desire of said defendant, intentionally and knowingly engage in sexual contact with [S.I.], by touching the female sexual organ of [S.I.], a child younger than 17 years of age and not the spouse of the defendant, against the peace and dignity of the State.

In 16,845–2001–A, Infante was also charged with indecency with a child by sexual contact, and that indictment alleged,

that on or about the 27th day of April A.D. 2001, and before the presentment of this indictment, in the County and State aforesaid, DAVID INFANTE, hereinafter styled Defendant, did then and there, with the intent to arouse and gratify the sexual desire of said defendant, intentionally and knowingly engage in sexual contact with [S.I.], by touching the anus of [S.I.], a child younger than 17 years of age and not the spouse of the defendant, against the peace and dignity of the State.

On January 16, 2002, another grand jury returned a sixth indictment against Infante in cause number 17,046–2002–A. This indictment charged Infante with "intentionally and knowingly caus[ing] the anus of [S.I.], a child who was then and there younger than 14 years of age and not the spouse of the defendant, to contact the mouth of the defendant, against the peace and dignity of the State." The alleged offense occurred May 25, 2001.

After the jury acquitted Infante of aggravated sexual assault in 16,843–2001–A, Infante filed a pretrial application for writ of habeas corpus seeking to bar the State from further prosecuting him on the remaining charges. *See* TEX.CODE CRIM. PROC. ANN. art. 11.08 (Vernon 1977). The trial court denied relief. Infante now appeals.

## II. Standard of Review

Usually, the decision to grant an application for writ of habeas corpus "lies within the discretion of the trial court, and the exercise of that discretion will not be disturbed unless clearly abused." *Ex parte Pipkin*, 935 S.W.2d 213, 215 (Tex. App.-Amarillo 1996, pet. ref'd). But the abuse of discretion standard is not appropriate if the trial court's decision regarding a habeas application does not turn on witness credibility or demeanor. *Ex parte Mann*, 34 S.W.3d 716, 718 (Tex.App.-Fort Worth, no pet.). In such a case, the appellate court must review de novo the trial court's application of law to facts. *Id.* The standard of review is altered from reviewing for abuse of discretion because the trial court is not in an appreciably better position than the appellate court to

determine the correct application of law to facts. *Id.* (citing *Guzman v. State,* 955 S.W.2d 85, 87 (Tex.Crim.App.1997)); *see also Ex parte Nagle,* 48 S.W.3d 213, 215–16 (Tex.App.-San Antonio 2000, no pet.). In the case now before us, the trial court's decision to deny relief did not turn on witness credibility. Accordingly, we will review the trial court's ruling under the de novo standard.

## III.  Collateral Estoppel

Infante first contends the doctrine of collateral estoppel, as set forth in *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), precludes prosecution of the remaining charges. Infante essentially argues that the previous acquittal forecloses his identity as the perpetrator of any type of sexual abuse against S.I. According to Infante, because the jury acquitted him, it necessarily concluded he was not the perpetrator and, therefore, cannot be tried in any of the remaining five cases. We disagree.

■ Collateral estoppel, though it finds its origins in civil litigation, is embodied in the Fifth Amendment's protection from double jeopardy and applies with force to state criminal proceedings. *Id.* at 443, 445, 90 S.Ct. 1189; *Ex parte Watkins,* 73 S.W.3d 264, 267 (Tex.Crim.App.2002). Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe,* 397 U.S. at 443, 90 S.Ct. 1189.

Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'

*Id.* (quoting Mayers & Yarborough, *Bis Vexari: New Trials and Successive Prosecutions,* 74 HARV. L.REV. 1, 38–39 (1960)).

■ Even if identity had been shown to be the reason for Infante's acquittal in the case numbered 16,843–2001–A, an offense alleged to have occurred May 11, 2001, that finding should not preclude prosecution of any of the other offenses, since they were alleged to have been committed on different occasions, that is, April 27 or May 25, 2001.

Also, even if the alleged offenses all arose from the same occurrence, the acquittal should not preclude prosecution on the other charges, since identity was not shown to be the determinative issue on the acquittal. While Infante did contest, in the case in which he was acquitted, whether he was the one who sexually assaulted S.I., identity was not the only disputed issue at trial. In fact, it appears not to have been even the principal issue. Infante also argued that the injuries to S.I.'s hymen (as reported by Kim Basinger, the sexual assault nurse examiner, and which the State argued proved the sexual assault occurred), might instead be attributable to a naturally occurring "hymenal fissure." During cross-examination, the nurse described a hymenal fissure as "a place in which the hymen has been disrupted. It's healed over. It can be caused by a number of things." The nurse further conceded that a hymenal fissure is *not* caused by sexual abuse.

Infante also suggested that the injury to S.I.'s hymen might have accidentally occurred during one of the many times he changed S.I.'s diaper. S.I.'s mother testified at trial that, while she was at work,

Infante had some responsibility for taking care of S.I. Infante's responsibilities frequently included changing S.I.'s diapers. According to the mother's testimony, Infante often rushed through the diaper change, rather than being slow and gentle. There was also evidence that S.I. had severe, chronic diaper rash. Even S.I.'s mother said S.I. complained of experiencing pain when her mother cleansed the infected area with a baby wipe.

Clearly, more than merely the perpetrator's identity was at issue. Given the possibility that the jury's verdict turned on an issue other than identity—a possibility that Infante conceded during the trial court's habeas hearing—we cannot conclude Infante's acquittal in cause number 16,843–2001–A necessarily precludes the State's prosecution in the remaining cases. Thus, Infante's collateral estoppel argument fails. *Cf. Sutton v. State*, 495 S.W.2d 912, 913–15 (Tex.Crim.App.1972) (jury could have based acquittal in prior case on issue other than identity); *Nagle*, 48 S.W.3d at 218 (jury's general acquittal did not collaterally estop defendant's prosecution in remaining cases).

We overrule Infante's first point of error.

## IV. Double Jeopardy

▮ In his second point of error, Infante asserts the State should not be allowed to prosecute him in the two remaining indecency charges because they are lesser-included offenses of the aggravated sexual assault case for which he was acquitted in 16,843–2001–A. To do otherwise, contends Infante, would violate his constitutional protection against double jeopardy.

▮ The Double Jeopardy Clause of the Fifth Amendment embodies several concepts: it protects a person from being twice prosecuted for the same offense; it

precludes the State from prosecuting someone for the same offense or a lesser-included offense after a jury has acquitted the accused; and it bars punishing a person more than once for the same offense. *Nickerson v. State*, 69 S.W.3d 661, 670 (Tex.App.-Waco 2002, pet. ref'd) (citing *Monge v. California*, 524 U.S. 721, 727–28, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998)); *see also* U.S. Const. amend. V; *Hutchins v. State*, 992 S.W.2d 629, 631 (Tex.App.-Austin 1999, pet. ref'd, untimely filed). Infante invokes the second of these protections. The Fifth Amendment's Double Jeopardy Clause is enforceable against the States through the Fourteenth Amendment. *Ashe*, 397 U.S. at 437, 90 S.Ct. 1189 (citing *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)).

▮ "To determine whether offenses are the same for double jeopardy purposes, we must construe the statutory provisions in question to discern 'the allowable unit of prosecution,' which is 'a distinguishable discrete act that is a separate violation of the statute.'" *Nickerson*, 69 S.W.3d at 671 (quoting *Ex parte Hawkins*, 6 S.W.3d 554, 556 (Tex.Crim.App.1999)). This distinction is critical because the Double Jeopardy Clause acts to prevent prosecution only for an "identical criminal act"; the Double Jeopardy Clause does not serve to prohibit subsequent prosecutions merely because the accused has been charged with a similarly titled offense as that for which he or she was previously acquitted. *Ex parte Goodbread*, 967 S.W.2d 859, 860 (Tex.Crim.App.1998) (citing *Luna v. State*, 493 S.W.2d 854 (Tex.Crim.App.1973)). If the remaining charges against Infante are based on the same specific criminal impulse or prohibited conduct for which he has already been acquitted, then the prosecution may not proceed. *See, e.g., Stephens v. State*, 806 S.W.2d 812 (Tex.Crim.App.1990) (cannot

twice prosecute defendant for same rape, of same victim, arising from same incident); *Kalish v. State,* 662 S.W.2d 595, 600 (Tex.Crim.App.1983) (public intoxication and possession of cocaine were deemed part of same transaction based on facts of case; acquittal of public intoxication precluded prosecution for drugs). But if the remaining charges are based on criminal impulses or prohibited actions that were different from those that were made the basis of the State's charge in 16,843–2001–A, and those actions are statutorily defined to create offenses separate and distinct from the charge for which the accused was previously acquitted, then double jeopardy will not preclude Infante from being prosecuted on those charges. *See Blockburger v. United States,* 284 U.S. 299, 302, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Moffett v. State,* 716 S.W.2d 558 (Tex.App.-Dallas 1986, pet. ref'd) (convictions for both investing in manufacture of controlled substances and possession of controlled substances did not violate double jeopardy even though same drugs were involved; act of possession and act of investing in manufacture each constituted separate crime).

◼ Indecency with a child can be a lesser-included offense of aggravated sexual assault. *See, e.g., Elder v. State,* 132 S.W.3d 20, 23–24 (Tex.App.-Fort Worth 2004, pet. ref'd) (record showed State used same facts to prove indecency charges as it later used to prove aggravated sexual assault charges; State not entitled to seek convictions for both offenses); *Pullin v. State,* 827 S.W.2d 1, 3 (Tex.App.-Houston [1st Dist.] 1992, no pet.) (indecency is lesser-included offense of aggravated sexual assault). The question of whether indecency is, in fact, a lesser-included offense often turns on the wording of the indict-

ment. *Weatherby v. State,* 61 S.W.3d 733, 736 n. 1 (Tex.App.-Fort Worth 2001, pet. ref'd) (appellant's act of fully penetrating daughter formed basis for both offenses; indecency was lesser-included offense). But when the facts giving rise to the indecency charge are not the same that support a prosecution for aggravated sexual assault, the former will not be deemed to be a lesser-included offense of the latter, and both may be prosecuted without violating the Double Jeopardy Clause. *See, e.g., Bottenfield v. State,* 77 S.W.3d 349, 358 (Tex.App.-Fort Worth 2002, pet. ref'd), *cert. denied,* 539 U.S. 916, 123 S.Ct. 2275, 156 L.Ed.2d 133 (2003) (evidence showed appellant touched victim's "winkie" twice, thus supporting convictions for both aggravated sexual assault and indecency).

◼ If the reviewing court cannot determine, based on the State's pleadings, whether the lesser offense is the same as the greater offense, the court should look to the proof offered at trial for clarification. *Goodbread,* 967 S.W.2d at 860.

> If evidence of more than one offense is admitted and a conviction for either could be had under the indictment, and neither the State nor the court elects, a plea of former conviction [or acquittal] is good upon a prosecution based upon one of said offenses, it being uncertain for which one the conviction [or acquittal] was had.

*Walker v. State,* 473 S.W.2d 499, 500 (Tex. Crim.App.1971); *see also Nagle,* 48 S.W.3d at 216 (failure to elect will permit double jeopardy to bar prosecution of all offenses raised by evidence at trial).[2] This principle, however, bars only prosecution for crimes for which proof was offered at the previous trial. *Goodbread,* 967 S.W.2d at 861.

---

2. "An election is 'some action that excludes or limits the jury's consideration of an of-

fense.'" *Nagle,* 48 S.W.3d at 216 (quoting *Goodbread,* 967 S.W.2d at 861 n. 2).

The indictment in cause number 16,843–2001–A charged Infante with committing aggravated sexual assault by using his finger to penetrate S.I.'s sexual organ. To prove its case, the State offered evidence from Basinger, who testified that the victim had two tears on her hymen that were consistent with having something forcefully inserted. Basinger also testified that, during the taking of S.I.'s medical history, S.I. said Uncle Fluffy, S.I.'s nickname for Infante, had touched her sexual organ. Brian Elliot, who is the pastor where S.I.'s grandmother attends church and who testified as the outcry witness, said the victim had told him "Fluffy was hurting her with his finger ... in the vagina." And Carmen Connolly, a psychologist who had counseled S.I., testified S.I. stated during a counseling session that her Uncle Fluffy had "touched her peepee, where she goes peepee." [3] Thus, it would seem the evidence presented by the State in 16,843–2001–A would support a conviction for either aggravated sexual assault or indecency with a child. This is because it is theoretically possible that the indecency allegation contained in the indictment for trial court cause number 16,844–2001–A (touching the victim's female sexual organ) might be barred by double jeopardy based on the jury's general acquittal in 16,843–2001–A.

But in a double jeopardy challenge, the defendant has the burden to provide a record that both establishes the commonality of the offenses *and* shows the State will be relying on the same instances of misconduct for which the accused was previously convicted or acquitted. *United States v. Register*, 931 F.2d 308, 312–13 (5th Cir.1991) (cited approvingly for application in Texas pretrial habeas cases in

*Goodbread*, 967 S.W.2d at 861). In *Register*, the defendant was convicted in federal district court of two counts of possessing cocaine with intent to distribute: one count alleged a possession offense that occurred January 20, 1989, and the second count alleged a separate possession offense occurred January 22, 1989. *Id.* at 309. On appeal, Register argued that the conviction under the second count was multiplicitous because his drug possession in January constituted a continuing offense rather than two distinct offenses. *Id.* at 312. The Fifth Circuit disagreed and stated,

Register has made no attempt to demonstrate that the source of the January 20 delivery was, in fact, the same stash found by the agents in Register's condominium on January 22.... Because Register has offered no evidence to establish that the cocaine in each of the two transactions came from a common "stash," we find no violation of the double jeopardy clause.

*Id.*

The indictments in 16,844–2001–A and 16,845–2001–A (both charging Infante with indecency) allege Infante touched the victim's sexual organ or anus. The indictments do not, however, allege the method or means by which Infante touched S.I. Infante presented no evidence at the trial court's hearing on his habeas application to demonstrate the charges in 16,844–2001–A and 16,845–2001–A necessarily require proof of the same conduct for which the jury rendered a "not guilty" verdict in 16,843–2001–A. Nor has Infante directed our attention to any such evidence in the record on appeal. This case is, therefore, factually distinguishable from *Stephens*, 806 S.W.2d 812. Accordingly, Infante has not met his burden of proof because we

---

**3.** To the State's surprise, the victim recanted at trial. When asked if "anybody [had] ever touched you on your teetee," the victim said,

"No." And when the prosecutor asked, "Has anyone ever touched you anywhere," again the victim answered, "No."

cannot determine from the record before us whether the conduct for which Infante has been acquitted will form the same basis for the remaining indecency prosecutions. *Cf. Hutchins,* 992 S.W.2d at 633. Moreover, at the habeas corpus hearing the State said it did, in fact, make an election to proceed only on the aggravated sexual assault charge during the trial of 16,843–2001–A, a claim that Infante did not challenge and which the record before us supports. As such, we must overrule his second point of error.

For the reasons stated, we affirm the trial court's judgment.