TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00360-CR







Ex parte Alfredo Pruitt








FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 03-104, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING






O P I N I O N



In this pretrial habeas corpus proceeding, Alfredo Pruitt seeks to prevent prosecution
under a pending indictment on double jeopardy grounds, specifically prior acquittal. The district
court denied relief. We will affirm the court's order in part and reverse it in part. (1)

Pruitt was indicted in Caldwell County cause number 2001-065 in April 2001. Count
one of the indictment alleged that he committed the offense of sexual assault of a child by
penetrating the complainant's female sexual organ with his penis on or about August 15, 2000, when
the complainant was under the age of seventeen. See Tex. Pen. Code Ann. § 22.011(a)(2)(A) (West
Supp. 2005). Count two alleged that he committed the offense of aggravated sexual assault of a
child by penetrating the complainant's female sexual organ with his penis on or about June 15, 1997,
when the complainant was under the age of fourteen. See id. § 22.021(a)(1)(B)(I), (2)(B). Pruitt was
tried on this indictment, and the jury returned verdicts of not guilty on both counts.

Pruitt was indicted in the present cause, Caldwell County cause number 2003-104,
in May 2003. Count one, paragraph one and count two, paragraph one of the new indictment allege
that Pruitt committed the offense of sexual assault of a child by causing the complainant's sexual
organ to contact his sexual organ on or about June 15 (count one) and July 15 (count two), 1999,
when the complainant was under the age of seventeen. See id. § 22.011(a)(2)(C). Count one,
paragraph two and count two, paragraph two allege that on or about the same dates, Pruitt committed
the offense of sexual assault of a child by penetrating the complainant's female sexual organ with
his penis. See id. § 22.011(a)(2)(A).

Pruitt argues that he was placed in jeopardy for and acquitted of the sexual assaults
alleged in the present indictment at his trial in cause number 2001-065. The State responds that
prosecution on the new indictment will not constitute double jeopardy because the offenses alleged
are different from those alleged in the prior cause. Because the issues raised concern the application
of the law to undisputed facts, we review the trial court's decision de novo. See Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

The Fifth Amendment double jeopardy clause protects against a second prosecution
for the same offense after a conviction or an acquittal, and against multiple punishments for the same
offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). It is enforceable against the states
through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 787 (1969). The
constitution and laws of Texas also protect against double jeopardy, but Pruitt does not contend that
this protection exceeds that provided by federal law. See Tex. Const. art. I, § 14; Tex. Code Crim.
Proc. Ann. art. 1.10 (West 2005).

For double jeopardy purposes, the same offense means the identical criminal act, not
the same offense by name. Ex parte Goodbread, 967 S.W.2d 859, 860 (Tex. Crim. App. 1998)
(quoting Luna v. State, 493 S.W.2d 854, 855 (Tex. Crim. App. 1973)). Thus, a conviction or
acquittal on an earlier indictment does not bar prosecution for an offense that could have been
prosecuted under its language but was not. Id. at 861. On the other hand, if evidence of more than
one offense was offered at the earlier trial and a conviction under the indictment could have been had
for any one of them, and neither the State nor the trial court elects, a subsequent prosecution for any
of the offenses proved is barred by former jeopardy. Id. at 860 (quoting Walker v. State, 473 S.W.2d
499, 500 (Tex. Crim. App. 1971)). Thus, in order to determine if double jeopardy bars Pruitt's
prosecution on the new indictment, we must look to the evidence adduced at the trial in cause
number 2001-065.

The complainant, Pruitt's stepdaughter, was born on July 7, 1984. She testified that
Pruitt first had sexual intercourse with her in 1998, after she completed the eighth grade but before
her fourteenth birthday. She said that the incident began with Pruitt asking to see her breasts. He
had been causing her to expose her breasts for about a year, and the complainant said she "was in
the habit of doing it after so long." On this occasion, however, Pruitt "asked me if I wanted to go
further." The complainant testified, "I didn't say yes and I didn't say no either." Pruitt then placed
the complainant on a bed, removed her clothes, put on a condom, and penetrated her vagina with his
penis. The complainant testified that Pruitt continued to have sexual intercourse with her "at least
once a month" for over two years. Most of these acts took place in the bathroom of the family
residence. Pruitt would direct her to remove her pants and bend forward, then penetrate her vagina
with his penis from behind. The last act of intercourse occurred in late August or early September
2000, and she made her first outcry to her mother a month later.

The complainant's testimony at the first trial encompassed every act of genital
penetration committed by Pruitt from the first act in the spring of 1998 to the last in the summer of
2000. This includes the June and July 1999 acts of genital penetration alleged in count one,
paragraph two and count two, paragraph two of the current indictment. Because these acts would
have supported his conviction under count one of the original indictment, Pruitt argues that
prosecution on these paragraphs is barred by his acquittal at the first trial. The State responds that
jeopardy does not apply to these offenses because there was an election at the first trial and only
Pruitt's first and last acts of intercourse with the complainant were submitted to the jury. The State's
argument is not borne out by the record.

The State relies on the prosecutor's jury argument at the first trial, during which he
drew the jury's attention to the fact that the first act of intercourse described by the complainant
occurred before her fourteenth birthday and thus supported a conviction for aggravated sexual assault
of a child, and that the last act of intercourse described by the complainant occurred before her
seventeenth birthday and thus supported a conviction for sexual assault of a child. But even if jury
argument can be an adequate substitute for a formal election, the prosecutor did not tell the jurors
that they were to consider only those two alleged acts in determining Pruitt's guilt, and neither did
the trial court. To the contrary, the court's charge instructed the jurors that "the State is not required
to prove the exact date alleged in the indictment, but may prove the offense, if any, to have been
committed at any time prior to the presentment of the indictment, so long as said indictment is
presented within ten years from the 18th birthday of the victim of the offense." Thus, the record
supports Pruitt's contention that at his first trial, he was placed in jeopardy for every act of genital
penetration he allegedly committed against the complainant prior to the return of the indictment in
cause number 2001-065. See Ex parte Nagle, 48 S.W.3d 213, 217-18 (Tex. App.--San Antonio
2000, no pet.). This includes the offenses alleged in count one, paragraph two and count two,
paragraph two of the current indictment. Prosecution for the offenses alleged in these paragraphs
would therefore constitute double jeopardy.

We now turn to the offenses alleged in count one, paragraph one and count two,
paragraph one of the new indictment. In Vick v. State, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999),
the court of criminal appeals held that each subsection of penal code section 22.021(a)(1)(B)
describes conduct constituting a separate statutory offense. By analogy to Vick, we conclude that
sexual assault by genital-to-genital contact as defined in penal code section 22.011(a)(2)(C) is a
separate statutory offense from sexual assault by genital penetration as defined in section
22.011(a)(2)(A).

When the same conduct violates two distinct statutory provisions, the first step in
double jeopardy analysis is to determine whether the legislature intended that each violation be a
separate offense. Garrett v. United States, 471 U.S. 773, 778 (1985). "If [the legislature] intended
that there be only one offense--that is, a defendant could be convicted under either statutory
provision for a single act, but not under both--there would be no statutory authorization for a
subsequent prosecution after conviction of one of the two provisions, and that would end the double
jeopardy analysis." Id. The court of criminal appeals has held that although the legislature intended
harsh penalties for sexual abuse of children, it did not intend to authorize "stop-action prosecutions."
Patterson v. State, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004). A conviction for a completed act of
sexual assault bars conviction for conduct that is demonstrably part of the commission of that
offense. Id.

Genital-to-genital contact that occurs in the course of an act of penile penetration is
subsumed in the completed act. Id.; Barnes v. State, 165 S.W.3d 75, 88 (Tex. App.--Austin 2005,
no pet.). A conviction for both the completed act of penetration and the contact incident to the
penetration constitutes double jeopardy. Barnes, 165 S.W.3d at 88. Similarly, the State may not in
this cause prosecute Pruitt for sexual assault based on genital-to-genital contact that was incident to
and subsumed within the alleged sexual assaults by genital penetration for which he was placed in
jeopardy and acquitted at his trial in cause number 2001-065. See Vick, 991 S.W.2d at 834 n.2.

In his brief to this Court, Pruitt also refers to the Fifth Amendment collateral estoppel
doctrine. Under this doctrine, "when an issue of ultimate fact has once been determined by a valid
and final judgment, that issue cannot again be litigated between the same parties in any future
lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). This means that once a jury determines a
discrete fact in favor of a criminal defendant, the State cannot contest the jury's finding in a
subsequent proceeding. Ex parte Watkins, 73 S.W.3d 264, 268 (Tex. Crim. App. 2002). Pruitt does
not identify any discrete fact determined in his favor at the first trial that would preclude his
prosecution for acts of genital-to-genital contact against the complainant that are distinct from the
alleged sexual assaults for which he was acquitted.

We hold that the State may, consistent with the double jeopardy clause, prosecute
Pruitt under the current indictment for sexual assault of a child by genital-to-genital contact
provided, however, that the contact proved must be distinct from, and not an incident of, any act of
genital penetration committed by Pruitt against the complainant prior to the return of the indictment
in cause number 2001-065. It will be the responsibility of the trial court to ensure that the State does
not prove conduct that is jeopardy-barred. See Ex parte Goodman, 152 S.W.3d 67, 72 (Tex. Crim.
App. 2004).

With regard to count one, paragraph two and count two, paragraph two of the instant
indictment, the district court's order denying habeas corpus relief is reversed and the paragraphs are
dismissed. With regard to count one, paragraph one and count two, paragraph one of the indictment,
the order denying habeas corpus relief is affirmed. The cause is remanded to the district court for
further proceedings consistent with this opinion.



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed in Part; Reversed and Dismissed in Part

Filed: February 2, 2006

Publish
1. The State argues that the record is insufficient for appellate review. See Ex parte Gutierrez,
987 S.W.2d 227, 230 (Tex. App.--Austin 1999, pet. ref'd). Two hearings were conducted on
Pruitt's habeas corpus application. At the initial hearing, Pruitt introduced in evidence the
indictment, charge, jury verdicts, and docket sheet from cause number 2001-065. With the State's
express consent, the court agreed to take judicial notice of the relevant testimony and jury argument
at the trial of that cause. At the second hearing, both parties referred to relevant portions of the prior
trial record, and these excerpts from the reporter's record are part of the record on appeal. We
conclude that the record is sufficient. See Hill v. State, 90 S.W.3d 308, 312 (Tex. Crim. App. 2002).