**Opinion filed December 13, 2013**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-12-00308-CR & 11-12-00309-CR

_____

## MORGAN LAMAR KENT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 220th District Court

Comanche County, Texas

Trial Court Cause Nos. CCCR-11-03442 & CCCR-11-03443

## M E M O R A N D U M   O P I N I O N

In both cases at issue on appeal, Morgan Lamar Kent stands charged by indictment with the offenses of indecency with a child by contact. Kent filed a pretrial application for writ of habeas corpus in each case in which he sought to have the indictments dismissed on double jeopardy grounds. The trial court held a hearing and denied the relief requested by Kent. We affirm.

In a single issue in each appeal, Kent contends that the trial court erred when it denied relief because collateral estoppel, as embodied in the Fifth Amendment guarantee against double jeopardy, bars the relitigation of the issue of Kent's intent to commit the charged offenses. Kent contends that his intent was a fact that was necessarily found in his favor in a previous trial at which he was acquitted by a jury of two counts of indecency with a child by contact, which were allegedly committed against H.M. on or about August 5, 2011. The indictments from which Kent seeks habeas relief allege that Kent committed two counts of indecency with a child by contact against S.A.—one on June 21, 2011, and one on July 24, 2011— and two counts of indecency with a child by contact against K.V.—one on June 22, 2011, and one on August 5, 2011.

When an issue of ultimate fact has once been determined by a valid and final judgment, collateral estoppel bars that issue from again being litigated between the same parties in any future lawsuit. *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). Collateral estoppel, as embodied in the Fifth Amendment's guarantee against double jeopardy, is a matter of constitutional fact that must be decided through an examination of the entire record. *Id.* at 442–44. To apply the doctrine of collateral estoppel, courts must first determine "whether the jury determined a specific fact, and if so, how broad—in terms of time, space and content—was the scope of its finding." *Ex parte Watkins*, 73 S.W.3d 264, 268 (Tex. Crim. App. 2002). Collateral estoppel bars relitigation of a discrete fact if that fact must necessarily have been decided in favor of the defendant in the first trial. *Id.*

Our review of the reporter's record from the jury trial reveals that the alleged sexual contact with H.M. occurred while Kent, H.M., and several other girls were swimming in a lake. Kent denied touching H.M. inappropriately and said that, if he did touch her breast or rear area, he did not mean to. Kent testified that he was trying to help H.M. get back up onto the fishing pier and was not touching her for

any sort of sexual gratification.  At trial, S.A. and K.V. were called as witnesses, and they testified about the alleged sexual contact by Kent against them.

We hold that the jury, when it acquitted Kent of indecency with a child by contact against H.M., did not necessarily determine that Kent had no intent to arouse or gratify the sexual desire of any person.  *See* TEX. PENAL CODE ANN. § 21.11(c) (West 2011); *see also Ex parte Infante*, 151 S.W.3d 255, 259–60 (Tex. App.—Texarkana 2004, no pet.); *Ex parte Nagle*, 48 S.W.3d 213, 218 (Tex. App.—San Antonio 2000, no pet.).  For example, the jury could have determined, based upon Kent's testimony, that Kent did not touch H.M.'s breast or genitals. Furthermore, even if the jury did determine that Kent did not possess the requisite intent as to H.M., the jury did not determine the issue of intent with respect to any touching of S.A. or K.V.  We hold that the State is not barred by collateral estoppel from prosecuting Kent for indecency with a child by contact as alleged in the indictments that relate to S.A. and K.V.  The trial court properly denied the relief requested by Kent in his applications for writ of habeas corpus.  Kent's issue in each case is overruled.

We affirm the orders of the trial court.


                                                    PER CURIAM


December 13, 2013

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3